MISC17-1283

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK** 2017 MAY -2 PM 3:42

| | |
|---|---|
| In re Subpoena of CAROLINE ABRAHAM<br><br>COMMUNITY VOCATIONAL SCHOOLS OF PITTSBURGH, INC., a corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MILDON BUS LINES, INC.<br><br>Defendant,<br><br>v.<br><br>CAROLINE ABRAHAM and JOEL ABRAHAM,<br><br>Third Party Defendants. | WEINSTEIN, J.<br>Underlying action pending in the United States District Court for the Western District of Pennsylvania, No. 2:09-cv-01572-JFC, Hon. Joy Flowers Conti<br><br>**DECLARATION OF TOD A. LEWIS IN SUPPORT OF THE MOTION FOR AN INTRA-DISTRICT TRANSFER TO AN IDENTICAL ACTION PURSUANT TO 28 U.S.C. § 1404(a); OR, ALTERNATIVELY, REQUESTING AN ORDER TO SHOW CAUSE TO COMPEL SUBPOENA COMPLIANCE PURSUANT TO RULE 45**<br><br>Enforcement action pending in In re Subpoena of Caroline Abraham, Eastern District of New York, Case 1:16-nc-03020-MKB-PK, Hon. Margo K. Brodie |

## DECLARATION OF TOD A. LEWIS

I, Tod A. Lewis, declare as follows:

1.     I have personal knowledge of the facts set forth in this declaration.

2.     I am an attorney with Bock, Hatch, Lewis, & Oppenheim, LLC, and we are the attorneys of record for Plaintiff, Compressor Engineering Corporation.

3.     All of the documents referenced in the instant Declaration are true and correct copies of court records, or firm business records, that have been contemporaneously archived and used in the ordinary course of business of the law firm of Bock, Hatch, Lewis, & Oppenheim, LLC.

4.     Attached as <u>Exhibit A</u> is the February 20, 2017 statement and record made "In Lieu of Deposition of Caroline Abraham" in *Community Vocational Schools of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, Civil Action No. 2:09-cv-01572 (W.D. Pa.) where Abraham not only failed to appear and sit

for her deposition but she also failed to turn over documents as well. Exhibit 1 attached thereto included amended subpoena, along with the rider requesting that various documents be produced, and proof of service. Exhibit 2 attached thereto included February 15, 2017 email correspondence from plaintiff's counsel to Caroline Abraham explaining that Abraham must comply with the subpoena or risk sanctions.

5.      Since 2010, I have sent email to Ms. Abraham at the same email address (chayarochel4@gmail.com) that I did in the instant case. I did not receive any error message at any time after I sent it on February 15, 2017.

6.      In the instant case, at no time did Ms. Abraham respond or reach out to me or any other attorney employed with my firm by email, phone, letter, or any other method of communication.

7.      In fact, in my direct personal experience involving 20+ other Rule 45 depositions and document requests and riders, whenever Ms. Abraham needed to have dates changed, or needed extra time to respond, she would normally reach out to either defense counsel, myself, other attorneys employed by my firm, and make those requests as a matter of course.

8.      Caroline Abraham has in recent months become a serial "no show" for both court ordered and Rule 45 mandated depositions (and document requests as well). For example, a plaintiff in another matter (also represented by Bock, Hatch, Lewis, & Oppenheim, LLC, *et al*) issued a Rule 45 subpoena ordering that Caroline Abraham sit for a deposition on October 30, 2016 in the *Compressor Engineering Corp. v. Manufacturers Financial Corp., et. al*, Case No. 2:09-cv-14444-SFC-VMM (E.D.MI.).

9.      But Abraham failed to attend the October 30, 2016 deposition and on December 2, 2016 the plaintiff was forced to file a motion to compel compliance. *See In re Subpoena of Caroline Abraham, Compressor Engineering Corp. v. Manufacturers Financial Corp., et. al*, Eastern District of New York, Case 1:16-mc-03020-MKB-PK,  Hon. Margo K. Brodie, attached as <u>Exhibit B</u> (*Compressor* Doc. 1, Motion to Compel Rule 45 Subpoena Compliance).

10.     Attached as Exhibit C is the January 4, 2017 Order by Judge Brodie granting Plaintiff's Motion to Compel Subpoena Compliance Pursuant to Rule 45, ordering non-party Caroline Abraham to sit for a deposition no later than January 15, 2017. ("Non-party Caroline Abraham is ordered to comply with the subpoena in the action pending in the District Court for the Eastern District of Michigan, No. 2:09-cv-14444, by sitting for a deposition in the matter no later than January 15, 2017.").

11.     Attached as Exhibit D is the January 6, 2017 Order by Judge Brodie extending that deadline to no later than January 27, 2017 at Plaintiff's request at Doc. 4. ("Non-party Caroline Abraham will sit for deposition no later than January 27, 2017.").

12.     Attached as Exhibit E is the Statement making a record of Caroline Abraham's failure to appear at her January 20, 2017 court ordered deposition. See *In re Subpoena of Caroline Abraham*, *Compressor Engineering Corp. v. Manufacturers Financial Corp., et. al*, Eastern District of New York, Case 1:16-mc-03020-MKB-PK.

13.     Attached as Exhibit F is the motion requesting an order to hold Abraham in contempt for failing to obey Judge Brodie's order (Doc. 5, Case 1:16-mc-03020-MKB-PK) and to further order her to appear before Judge Brodie to show cause why she violated the court's order, Exhibit G (Doc. 7, Case 1:16-mc-03020-MKB-PK).

14.     Abraham has failed to appear for a court ordered deposition in the instant case (Exhibit A) but she has also failed to show for Rule 45 Subpoena-related depositions on (1) October 30, 2016 in *Shari Machesney v. Lar-Bev of Howell, et al.*, Case No. 10 CV 10085 SFC MJH (E.D.MI) (Exhibit H); and (2) February 27, 2017 in *13-50 River Road Corp. v. Ansam Commercial Kitchen & Ventilations Specialists, Inc.*, 2:16-CV-00710-CCC-JBC (D.N.J.) (failure to turn over documents and sit for deposition) (Exhibit I).

15.     Ms. Abraham was also commanded to sit for a deposition by Judge Donnelly but the Plaintiff in that case chose not to enforce the order because the underlying action in that matter was

3

settled. *In re Subpoena of Caroline Abraham, Shari Machesney v. Lar-Bev of Howell, et al.*, Case Misc.

16-3124 (E.D.N.Y. Dec. 21, 2016) (Donnelly, J.) (Exhibit J).

16.     In years past, Abraham was responsive to Rule 45 (and state court equivalent) subpoenas

having routinely sat for depositions and produced documents. In fact, over a seven year period, Ms.

Abraham was deposed nearly forty different times in similar "junk fax" litigation, and all of her

depositions took place at one of a few different court reporter's offices located on Court Street in

Brooklyn in close proximity to her home:[1]

| | |
|---|---|
| 9/16/2008 | CE v. Cy's Crabhouse (N.D. Illinois) |
| 9/16/2008 | GM v. Finish Thompson (N.D. Illinois) |
| 9/16/2008 | JT's v. Hansen (Illinois State Court) |
| 12/14/2008 | GM v. Finish Thompson (N.D. Illinois) |
| 12/16/2008 | CE v. Cy's Crabhouse (N.D. Illinois) |
| 1/8/2009 | GM v. Finish Thompson (N.D. Illinois) |
| 6/28/2009 | Targin v. Preferred (N.D. Illinois) |
| 6/24/2010 | Creative v. Ashford (N.D. Illinois) |
| 6/24/2010 | Reliable v. McKnight (E.D. WI) |
| 8/26/2010 | Targin v. Preferred (N.D. Illinois) |
| 10/29/2010 | Creative v. Ashford (N.D. Illinois) |
| 11/16/2010 | NVS v. Locks & Keys (Mass. State Court) |
| 11/24/2010 | Jackson's v. Beason (E.D. Michigan) |
| 11/30/2010 | CE v. David Litt (N.D. Illinois) |
| 12/1/2010 | Uesco v. Poolman (Illinois State Court) |
| 1/7/2011 | Paldo v. Hansen (Illinois State Court) |
| 1/16/2011 | Rettig v. New Quality (E.D. PA) |
| 2/9/2011 | Cabinet v. Kellner (Illinois State Court) |
| 2/23/2011 | Reliable v. McKnight (E.D. WI) |
| 5/15/2011 | Zersen v. PT Insurance (Illinois State Court) |
| 6/12/2011 | Savanna v. Trynex (N.D. Illinois) |
| 8/7/2011 | Nayfa v. Papa's Leatherbarn (W.D. Oklahoma) |
| 11/6/2011 | Dewar v. Kolesov (Florida State Court) |
| 11/13/2011 | Windmill v. Gornick (Illinois State Court) |
| 11/20/2011 | Sparkle Hill v. Interstate (D. Mass.) |
| 12/4/2011 | American Copper v. Lake City (E.D. MI) |
| 1/22/2012 | Slater v. Richgeis (Rhode Island State Court) |
| 1/29/2012 | Sal's v. Duplicating (Connecticut State Court) |

---

[1]  All transcripts are available upon request.

4

| 4/22/2012 | Sabon v. Aqualogic (Florida State Court) |
| 9/23/2012 | APB v. Bronco's (E.D. MI) |
| 1/13/2013 | A Aventura v. Tankless (Florida State Court) |
| 1/20/2013 | Kaner v. Schiffman (Florida State Court) |
| 2/17/2013 | Bridgeview v. Long (Illinois State Court) |
| 4/25/2013 | Siding and Insulation v. Alco (N.D. Ohio) |
| 6/2/2013 | Palm Beach v. Sarris (S.D. FL) |
| 6/23/2013 | Hawk Valley v. Taylor (E.D. PA) |
| 11/17/2013 | Florida First v. Termprovider (Florida State Court) |
| 3/9/2014 | Loncarevic v. Stanley Foam (Illinois State Court) |
| 5/4/2014 | Mixon v. Taylorville (Illinois State Court) |
| | |

17.     During the 2010-2014 periods, I personally and frequently corresponded with her, primarily by email, regarding both deposition scheduling and document productions related to many, if not most, of the above-listed cases.

18.     In a separate matter, evidence shows that in a case styled as *Compressor Engineering Corporation v. Charles J. Thomas, Jr.*, Case No. 10-10059 (E.D. MI.), while recently attempting to serve a Rule 45 Subpoena, the process server observed that a camera has been setup at Ms. Abraham's household which is apparently, at least in part, being used for service evasion purposes. (Exhibit K) (noting five service attempt fails and that there are "Surveillance cameras at location. Occupants refuse to answer door.").

19.     In 2008 Caroline Abraham was previously subject to a show cause order from this court (Judge Matsumoto) for failure to comply with a Rule 45 subpoena. Exhibits L and M.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on: May 1, 2017                    /s/ TOD A. LEWIS
                                            Tod A. Lewis

5

# EXHIBIT A

1  IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2  ----------------------------------------------

3  COMMUNITY VOCATIONAL SCHOOLS OF PITTSBURGH, INC., a
   corporation, individually and as the representative
4  of a class of similarly situated persons,

5                        Plaintiff,

6              -v-        Case No. 2:09-cv-01572

7  MILDON BUS LINES, INC., a Pennsylvania corporation,

8                        Defendant.

9  ----------------------------------------------

10             IN LIEU OF DEPOSITION OF CAROLINE
   ABRAHAM, taken by the Plaintiff, at the offices of
11 ESQUIRE DEPOSITION SERVICES, 32 Court Street,
   Brooklyn, New York 11201, on Monday, February 20,
12 2017, at 9:00 a.m., before Jeffrey Shapiro, a
   Shorthand Reporter and notary public, within and
13 for the State of New York.

14

15

16

17

18

19

20

21

22

23

24

25



```
 1    A P P E A R A N C E S :

 2    ROBB LEONARD MULVIHILL
      Attorneys for the Defendant
 3    2300 One Mellon Center
      Pittsburgh, Pennsylvania
 4
            BY:  AMY M. KIRKHAM, ESQ.
 5

 6

 7    BOCK, HATCH, LEWIS & OPPENHEIM, LLC
      Attorneys for Plaintiff
 8    134 North LaSalle Street, Suite 1000
      Chicago, Illinois 60602
 9    512-739-0390

10          BY:  TOD A. LEWIS, ESQ.

11

12                          * * *

13

14

15

16

17

18

19

20

21

22

23

24

25
```



1      (Exhibit 1 was so marked for

2  identification.)

3      (Time noted:  9:30 a.m.)

4      MR. LEWIS:  This is Tod Lewis

5  representing the plaintiff, Community

6  Vocational Schools of Pittsburgh.  And I'm

7  here with --

8      MS. KIRKHAM:  Amy Kirkham, on behalf

9  of Mildon Bus Lines Inc.

10     MR. LEWIS:  And we are here for the

11  deposition of Caroline Abraham.  She has

12  not shown up.  It is now 9:30 a.m.  The

13  deposition was scheduled for 9:00 a.m.

14    We are entering into the record

15  Plaintiff's Exhibit 1, which is a copy of

16  the amended subpoena to testify, which

17  also includes a document rider and then

18  proof of service as the last page.

19      Let the record reflect that Ms.

20  Abraham was also recently ordered to

21  appear for a deposition by a federal

22  district judge in the Eastern District of

23  New York, in the Compressor versus

24  Manufacturer's Financial Corporation case.

25  That was in late January, and she did not



1   show for that deposition either, even

2   after she was ordered by a federal judge

3   above and beyond the subpoena deposition

4   prior to that, she also did not show up

5   for.

6       So we're anticipating a similar process

7   in this case and we'll be filing papers

8   shortly with regard to that.

9       Do you have anything else?

10      MS. KIRKHAM:  I have one objection.

11  Despite Ms. Abraham's non-attendance

12  today, I wanted to place on the record an

13  objection to Mr. Lewis's participation, as

14  he is not admitted into the United States

15  District Court for the Western District of

16  Pennsylvania; nor has there been a pro hac

17  vice admission in this particular case.

18      MR. LEWIS:  While I don't believe

19  that pro hac vice is necessary under

20  either the local or federal rules to take

21  a deposition in federal court, I will be

22  getting my papers on file next week.

23      And so, even assuming there is a

24  technical problem here, that will be taken

25  care of next week, we'll be getting those



Case 1:17-mc-01283-MKB   Document 1-2   Filed 05/02/17   Page 11 of 119 PageID #: 22

1   pro hac vice papers on file.

2       I will also try to call Ms. Abraham

3   right now, put her on speaker and see if

4   she will answer.  I'm about to do that.

5       (Indicating cell phone.)

6       I'm about to call Caroline Abraham at

7   718-986-4055.  I'm putting her on speaker.

8   Let the record reflect that.

9        (Phone rings; Recorded message plays,

10  asking to leave a message after the beep.)

11      MR. LEWIS:  Ms. Abraham, it is Tod

12  Lewis here along with Amy Kirkham.  We're

13  here, of course, on the CVS versus Mildon

14  Bus Line case.

15      As you know, there was a deposition

16  scheduled this morning at 9:00 a.m.  We

17  were hoping that you would have attended

18  as required.

19      We will be communicating via e-mail

20  soon.  Thank you, Caroline.

21      Let the record reflect Ms. Abraham was

22  also e-mailed January 18, I believe.

23       (Exhibit 2 was so marked for

24  identification.)

25      MR. LEWIS:  Further, let the record



1   reflect that Exhibit 2 is being placed

2   into the record as well, which is an

3   e-mail that was sent to Caroline on

4   Wednesday, February 15.  She did not

5   respond to either myself or anyone else as

6   far as we know.

7       The attachments that were attached to

8   the e-mail are also being reflected in the

9   Exhibit 2.

10      Anything else?

11      MS. KIRKHAM:  Nothing further.

12      MR. LEWIS:  That will end the record

13  today.  Thank you, Mr. Shapiro.

14          (Time noted:  9:37 a.m.)

15          (Matter concluded.)

16

17

18

19

20

21

22

23

24

25



```
 1                         EXHIBITS

 2

 3   PLAINTIFF'S        DESCRIPTION                 PAGE

 4   1                  Subpoena                    3

 5   2                  E-mail and attachments      5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



1              C E R T I F I C A T I O N

2

3              I, Jeffrey Shapiro, a Shorthand

4    Reporter and Notary Public, within and for the

5    State of New York, do hereby certify that I

6    reported the proceedings in the within-entitled

7    matter, on Monday, February 20, 2017, at the

8    offices of ESQUIRE DEPOSITION SOLUTIONS, 32 Court

9    Street, Brooklyn, New York, and that this is an

10   accurate transcription of these proceedings.

11              IN WITNESS WHEREOF, I have hereunto

12   set my hand this 20th day of February, 2017.

13

14

15

16

17                              JEFFREY SHAPIRO

18

19

20

21

22

23

24

25



000092

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

Jason Abraham/sm
1-26-17 2:13pm
DD# 1341639

| | |
|---|---|
| Community Vocational Schools of Pittsburgh | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:09-cv-01572 |
| Mildon Bus Lines, Inc, et al. | ) |
| _Defendant_ | ) |

## Amended SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                    Caroline Abraham
                       1812 Avenue R, Brooklyn NY 11230
_____
_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See topics on the attached Rider to Subpoena.

| Place: | Esquire Court Reporting 32 Court Street, Suite 602 Brooklyn, NY 11201 | Date and Time: 2/20/2017 at 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   Steongraphic Recording

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See attached Rider to Subpoena. Documents to be produced in electronic format when possible; if not possible, produce on paper without watermarks. Documents to be produced no later than 02/13/2017 @ Anderson + Wanca, 3701 Algonquin Rd.,Ste. 500, Rolling Meadows, IL 60008.

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/23/2017
_____

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiff
Community Vocational Schools of Pittsburgh   , who issues or requests this subpoena, are:
Ross M. Good, ANDERSON + WANCA, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008 ph: 847-368-1500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
1
M 2-20-17
PENGAD 800-831-6989

## RIDER

1.  All documents or computer records containing communications between MILDON BUS LINES, INC. and ESTHER SWART located at 65 Church Street, West Alexander, PA 15376 (or any other address) and any of the agents or employees of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company since November 30, 2005.

2.  All documents, telephone records, or computer records sufficient to identify or which may lead to the identity of the fax numbers, names and addresses of persons or entities to whom Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company, on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party sent or caused to be sent any fax advertisement for the period of November 30, 2005 to present, and whether the fax transmissions were successful or received.

3.  All information provided to MILDON BUS LINES, INC. and ESTHER SWART by Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company or party and any of its agents or employees.

4.  All records, whether written, recorded or electronic, which identify or show when the fax transmissions (the same or similar to Exhibit A attached) were sent on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party.

5.  All documents, telephone records or computer records which contain the lists used to send or transmit the faxes sent on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party.

6.  All cancelled checks, contracts, invoices or service orders evidencing the purchase of names and fax numbers which were utilized to send or transmit the fax transmissions sent on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party from November 30, 2005 to the present.

7.  All cancelled checks, contracts, invoices or service orders evidencing the purchase or acquisition in any matter from Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company or entity or individual, of names and fax numbers covering the period of November 30, 2005 to the present.

1

8.   All documents which describe the manner in which the lists of telephone numbers to which the fax transmissions sent on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party were sent, were compiled, were obtained, or were maintained from November 30, 2005 to the present.

9.   The logs of individuals who gave prior express permission or invitation to receive the fax transmissions sent on behalf of MILDON BUS LINES and ESTHER SWART or any related affiliated entity or party.

10.  All documents which describe the manner in which you maintained records relating to the transmission of faxes sent on behalf of MILDON BUS LINES and ESTHER SWART any related or affiliated entity or party.

11.  All documents, telephone records or computer records which contain, describe, or specify complaints or objections from recipients of fax transmission sent on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party.

12.  All lists used by Business to Business Solutions, Maxileads, Macaw, Speakeasy, The Marketing Research Center or affiliated entity or party to transmit fax advertisements.

13.  All logs of fax transmissions received from Business to Business Solutions, Macaw, Maxileads, Speakeasy or any related or affiliated entity and any phone records for November 2005 for any phone number assigned to Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company, from which any faxes were transmitted on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party.

14.  All phone records for any monthly period of time from November 30, 2005 to present for any phone number assigned to Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company, from which faxes were transmitted on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party.

15.  Any contracts or agreements entered into by MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party at any time with Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated entity or party from November 30, 2005 to the present.

16.  Any documents from MILDON BUS LINES and ESTHER SWART or any related or affiliated entity in the possession of Business to Business Solutions,

2

Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated entity.

17. All computer hard drives used to store communications or communicate with MILDON BUS LINES OR ESTHER SWART from November 30, 2005 to present.

18. All computer hard drives used to store communications or communicate with customers of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any of their employees.

19. All Documents identifying the name, address, date of birth and/or social security number for persons who performed work for or were employed by Business to Business Solutions, Macaw, Maxileads, Speakeasy, and The Marketing Research Center.

AO 88A  (Rev. 06/1-) Subpoena to Testify and Deposition in a Civil Action (Page 2)

Civil Action No. 2:09-cv-01572

## PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) *Caroline Abraham*

on (date) *1-30-17* .

☒ I served the subpoena by delivering a copy to the named person as follows: *Accepted by*
*Son, Jacob Abraham @ 1813 Ave R, Brooklyn, NY*
(on date) *1/26/17 @ 2:13pm*

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ .

My fees are $ for travel and $ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: *1-30-17*

*Daniel DePriest*
Server's signature

*DANIEL DEPRIEST #1341637*
Printed name and title

*98 Beach St, 2nd Fl, SI NY 10304*
Server's address

Additional information regarding attempted service, etc:

*M/W/brown hair/40/5'7"/150 lbs*
*Religious clothing.*

**Amy Kirkham**

| | |
|---|---|
| **From:** | Tod Lewis <Todd@classlawyers.com> |
| **Sent:** | Wednesday, February 15, 2017 4:22 PM |
| **To:** | Caroline Abraham <chayarochel4@gmail.com> (chayarochel4@gmail.com) |
| **Cc:** | Amy Kirkham; Michelle Osborn; Arthur Leonard; dmanogue@gmail.com; jce@ssem.com; Ross Good (rgood@andersonwanca.com); David Oppenheim; John Orellana |
| **Subject:** | CVS v Mildon -- Monday, February 20, at Esquire Reporting, 32 Court Street, Suite 602, Brooklyn, NY 11201 at 9:00 a.m. |
| **Attachments:** | CVS v Mildon -- Proof - C. Abraham.pdf; CVS v Mildon -- Rider - Abraham.pdf; Sub. CVS v. Mildon.pdf; 2017-2-14  CVS v. Milden Caroline Abraham Check.pdf; CVS v Mildon -- Amended Subpoeana for Depo and Docs.pdf |

Caroline:

Please see and read the attached. As you know, we had a subpoena served on your household indicating that you are to appear Monday, February 20, 2017, at Esquire Reporting, 32 Court Street, Suite 602, Brooklyn, NY 11201 at 9:00 a.m.. Also, a rider requesting documents was also sent to you.  To date, we've not received any documents from you. Please send them via email to me for convenience sake, especially since the time for deposition is drawing near. Please also be advised that your witness fee check was sent via Fed Ex and should arrive today.

Should you fail to send and produce the requested documents or fail to appear on February 20, 2017, we will seek to have held in contempt of court, pursuant to Federal Rules of Civil Procedure 45(g). Once that occurs, the court may order sanctions against you including an order mandating that a federal marshal retrieve you to sit for the deposition along with document production.

Please also email us back confirming that you will be attending as required. Thank you.

Best Regards,

Tod A. Lewis
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle St., Suite 1000
Chicago, IL 60602
512-739-0390 (Cell)
312-658-5515 (Direct)



Attention: This message is sent by a law firm and may contain privileged or confidential information. If you received this email transmission in error, please notify the sender by reply e-mail and then delete the message and any attachments. Thank you.

AO-88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:09-cv-01572

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  *CAROLINE ABRAHAM*

on *(date)*  *1-25-17*

☒ I served the subpoena by delivering a copy to the named individual as follows:  *ACCEPTED by*
*SON, JASON ABRAHAM @ 1812 Ave R, Brooklyn, NY*
on *(date)*  *1/26/17  @ 2:13 PM*

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____ for travel and $ _____ for services, for a total of $         0

I declare under penalty of perjury that this information is true.

Date:  *1-30-17*

*Donald Dechere*
Server's signature

*DONALD DELPRETE  #1341639*
Printed name and title

*98 Beach St, 2nd Fl, SI NY 10304*
Server's address

Additional information regarding attempted service, etc:
*M / W / brown hair / 40/5'9"/150 lbs*
*Religious clothing*

# ANDERSON + WANCA
## ATTORNEYS AT LAW

3701 ALGONQUIN ROAD, SUITE 500, ROLLING MEADOWS, IL 60008
TEL: (847) 368-1500 • FAX: (847) 368-1501
EMAIL: BUSLIT@ANDERSONWANCA.COM

February 14, 2017

*Via Federal Express Overnight*
Caroline Abraham
1812 Avenue R
Brooklyn, NY  11230

Re:     Community Vocational Schools of Pittsburgh, Inc. v. Mildon Bus Lines

Dear Caroline,

Enclosed is a copy of the subpoena that was served on January 26, 2017 along with a check in the amount of $50.00 for the witness fee for your deposition.  Your depositions is scheduled for February 20, 2017.

Very truly yours,

ANDERSON + WANCA

Michelle E. Osborn, Paralegal

Enclosures

ORIGIN ID:NOHA        (847) 368-1500
BRIAN J. WANCA
ANDERSON + WANCA
3701 ALGONQUIN RD.
SUITE 500
ROLLING MEADOWS, IL 60008
UNITED STATES US

SHIP DATE: 14FEB17
ACTWGT: 0.40 LB
CAD: 101019047/INET3850

BILL SENDER

TO: CAROLINE ABRAHAM

1812 AVENUE R

BROOKLYN NY 11230
(847) 368-1500          REF: CVS V. MILDON BUS LINES
INV:
PO:                          DEPT:



FedEx
Express

E

WED - 15 FEB 8:30A
FIRST OVERNIGHT

TRK#
0201    7784 2300 4200

11230
X1 HUSA              NY-US    JFK

FedEx Ship Manager - Print Your Label(s)

2/14/2017

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | |
|---|---|
| Community Vocational Schools of Pittsburgh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:09-cv-01572 |
| Mildon Bus Lines, Inc., et al. | ) |
| *Defendant* | ) |

## ~~Amended~~ SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Caroline Abraham
        1812 Avenue R, Brooklyn NY 11230

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See topics on the attached Rider to Subpoena.

| Place: Esquire Court Reporting<br>32 Court Street, Suite 802<br>Brooklyn, NY 11201 | Date and Time:<br>2/20/2017 at 9:00 am |
|---|---|

The deposition will be recorded by this method:   Steongraphic Recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Rider to Subpoena. Documents to be produced in electronic format when possible; if not possible, produce on paper without watermarks. Documents to be produced no later than 02/13/2017 @ Anderson + Wanca, 3701 Algonquin Rd., Ste. 500, Rolling Meadows, IL 60008.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/23/2017

CLERK OF COURT                                OR

_____                    _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Community Vocational Schools of Pittsburgh       , who issues or requests this subpoena, are:
Ross M. Good, ANDERSON + WANCA, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008 ph: 847-368-1500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

12027

**BRIAN J. WANCA, J.D., P.C.**
**d/b/a Anderson + Wanca**
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008

MB Financial
700 W. Euclid Avenue
Palatine, IL 60067
2-173/710

2/14/2017

PAY TO THE
ORDER OF    Caroline Abraham                                    $ **50.00

Fifty and 00/100************************************************************************* DOLLARS

Caroline Abraham

AUTHORIZED SIGNATURE

MEMO    CVS v. Mildon - Subpoena fee

⑆012027⑆ ⑇071001737⑇ 1341069⑈

000092

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

*Jason Abraham/Son*
*1-26-17 2:13pm*
*DD# 1341639*

| | |
|---|---|
| Community Vocational Schools of Pittsburgh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:09-cv-01572 |
| Mildon Bus Lines, Inc, et al. | ) |
| *Defendant* | ) |

## *Amended* SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Caroline Abraham
           1812 Avenue R, Brooklyn NY 11230

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
                 See topics on the attached Rider to Subpoena.

| Place: Esquire Court Reporting | Date and Time: |
|---|---|
| 32 Court Street, Suite 602 | |
| Brooklyn, NY 11201 | 2/20/2017 at 9:00 am |

The deposition will be recorded by this method:   Steongraphic Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Rider to Subpoena.  Documents to be produced in electronic format when possible; if not possible, produce on paper without watermarks.  Documents to be produced no later than 02/13/2017 @ Anderson + Wanca, 3701 Algonquin Rd.,Ste. 500, Rolling Meadows, IL 60008.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     1/23/2017

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
Community Vocational Schools of Pittsburgh          , who issues or requests this subpoena, are:
Ross M. Good, ANDERSON + WANCA, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008 ph: 847-368-1500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**BRIAN J. WANCA, J.D., P.C.**
**d/b/a Anderson + Wanca**
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008

MB Financial
700 W. Euclid Avenue
Palatine, IL 60067
2-173/710

12027

2/14/2017

PAY TO THE
ORDER OF   Caroline Abraham                                   $ **50.00

Fifty and 00/100************************************************************************ DOLLARS

Caroline Abraham

AUTHORIZED SIGNATURE

MEMO   CVS v. Mildon - Subpoena fee

⑆012027⑆ ⑆071001737⑆ 1341069⑈

# RIDER

1.  All documents or computer records containing communications between MILDON BUS LINES, INC. and ESTHER SWART located at 65 Church Street, West Alexander, PA 15376 (or any other address) and any of the agents or employees of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company since November 30, 2005.

2.  All documents, telephone records, or computer records sufficient to identify or which may lead to the identity of the fax numbers, names and addresses of persons or entities to whom Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company, on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party sent or caused to be sent any fax advertisement for the period of November 30, 2005 to present, and whether the fax transmissions were successful or received.

3.  All information provided to MILDON BUS LINES, INC. and ESTHER SWART by Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company or party and any of its agents or employees.

4.  All records, whether written, recorded or electronic, which identify or show when the fax transmissions (the same or similar to Exhibit A attached) were sent on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party.

5.  All documents, telephone records or computer records which contain the lists used to send or transmit the faxes sent on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party.

6.  All cancelled checks, contracts, invoices or service orders evidencing the purchase of names and fax numbers which were utilized to send or transmit the fax transmissions sent on behalf of MILDON BUS LINES, INC. and ESTHER SWART or any related or affiliated entity or party from November 30, 2005 to the present.

7.  All cancelled checks, contracts, invoices or service orders evidencing the purchase or acquisition in any matter from Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company or entity or individual, of names and fax numbers covering the period of November 30, 2005 to the present.

1

8.   All documents which describe the manner in which the lists of telephone numbers to which the fax transmissions sent on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party were sent, were compiled, were obtained, or were maintained from November 30, 2005 to the present.

9.   The logs of individuals who gave prior express permission or invitation to receive the fax transmissions sent on behalf of MILDON BUS LINES and ESTHER SWART or any related affiliated entity or party.

10.   All documents which describe the manner in which you maintained records relating to the transmission of faxes sent on behalf of MILDON BUS LINES and ESTHER SWART any related or affiliated entity or party.

11.   All documents, telephone records or computer records which contain, describe, or specify complaints or objections from recipients of fax transmission sent on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party.

12.   All lists used by Business to Business Solutions, Maxileads, Macaw, Speakeasy, The Marketing Research Center or affiliated entity or party to transmit fax advertisements.

13.   All logs of fax transmissions received from Business to Business Solutions, Macaw, Maxileads, Speakeasy or any related or affiliated entity and any phone records for November 2005 for any phone number assigned to Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company, from which any faxes were transmitted on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party.

14.   All phone records for any monthly period of time from November 30, 2005 to present for any phone number assigned to Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company, from which faxes were transmitted on behalf of MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party.

15.   Any contracts or agreements entered into by MILDON BUS LINES and ESTHER SWART or any related or affiliated entity or party at any time with Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated entity or party from November 30, 2005 to the present.

16.   Any documents from MILDON BUS LINES and ESTHER SWART or any related or affiliated entity in the possession of Business to Business Solutions,

Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated entity.

17. All computer hard drives used to store communications or communicate with MILDON BUS LINES OR ESTHER SWART from November 30, 2005 to present.

18. All computer hard drives used to store communications or communicate with customers of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any of their employees.

19. All Documents identifying the name, address, date of birth and/or social security number for persons who performed work for or were employed by Business to Business Solutions, Macaw, Maxileads, Speakeasy, and The Marketing Research Center.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | | |
|---|---|---|
| Community Vocational Schools of Pittsburgh | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:09-cv-01572 |
| | ) | |
| Mildon Bus Lines, Inc, et al. | ) | |
| *Defendant* | ) | |

## *Amended* SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Caroline Abraham
                    1812 Avenue R, Brooklyn NY 11230

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See topics on the attached Rider to Subpoena.

| Place: ~~Esquire Court Reporting~~ 32 Court Street, Suite 602 Brooklyn, NY 11201 | Date and Time: 2/20/2017 at 9:00 am |
|---|---|

The deposition will be recorded by this method:    Steongraphic Recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Rider to Subpoena. Documents to be produced in electronic format when possible; if not possible, produce on paper without watermarks. Documents to be produced no later than 02/13/2017 @ Anderson + Wanca, 3701 Algonquin Rd.,Ste. 500, Rolling Meadows, IL 60008.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    1/23/2017

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Community Vocational Schools of Pittsburgh           , who issues or requests this subpoena, are:
Ross M. Good, ANDERSON + WANCA, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008 ph: 847-368-1500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:09-cv-01572

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                            *Server's signature*

                                         _____
                                            *Printed name and title*

                                         _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

**MISC 16-3020**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

BRODIE, J.

| | |
|---|---|
| In re Subpoena of<br>CAROLINE ABRAHAM | |
| COMPRESSOR ENGINEERING CORPORATION, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MANUFACTURERS FINANCIAL CORPORATION, CHARITY MARKETING, LLC and RICHARD K. STEPHENS.<br><br>Defendants. | Action pending in the United States District Court for the Eastern District of Michigan, No. 2:09-cv-14444-SFC-VMM, Hon. Sean F. Cox<br><br>NOTICE OF MOTION AND MOTION IN SUPPORT OF ORDER TO SHOW CAUSE TO COMPEL SUBPOENA COMPLIANCE PURSUANT TO RULE 45 AND MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Judge:<br>Date:<br>Time:<br>Place |

2016 DEC -2 PM 3:02

## NOTICE OF MOTION AND MOTION

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff, Compressor Engineering Corporation ("Plaintiff"), moves for an order requiring third party, Caroline Abraham ("Abraham"), to show cause for her failure to comply with the Rule 45 non-party subpoena dated September 26, 2016 commanding her to sit for a deposition on October 30, 2016 in Brooklyn, New York. This Court also has discretion to transfer this Motion, pursuant to Fed. R. Civ. P. 45(f), to Judge Sean F. Cox, who is presiding over the underlying action pending in the United States District Court for the Eastern District of Michigan.

1

Despite having been properly served with the subpoena, Abraham has ignored it completely with no response, nor has she offered any reason for not complying. This Motion is supported by the attached Memorandum of Points and Authorities, as well as the Declaration of Tod A. Lewis, Exhibit A.

Counsel for Plaintiff certifies that it attempted to contact Abraham, including attempting to meet and confer in good faith in attempt to resolve this matter, before filing this motion. Despite their good faith efforts, Plaintiffs counsel was unable to obtain any response from Abraham.

Dated: November 30, 2016                      Respectfully submitted,

Kim E. Richman
RICHMAN LAW GROUP
81 Prospect Street
Brooklyn, NY 11201
718-705-4579
krichman@richmanlawgroup.com

JASON J. THOMPSON                TOD A. LEWIS
Sommers Schwartz, P.C.          Bock, Hatch, Lewis, & Oppenheim, LLC
Attorney for Plaintiff          Attorney for Plaintiff
2000 Town Center, Suite 900     134 N. La Salle, Suite 1000
Southfield, MI  48075           Chicago, IL  60602
248-355-0300                    312-658-5500
jthompson@sommerspc.com         tod@classlawyers.com

2

## TABLE OF CONTENTS

I.   PROCEDURAL AND FACTUAL BACKGROUND ................................................6

    A.   Introduction .........................................................................6

    B.   The Michigan Action..............................................................6

    B.   Caroline Abraham's Subpoena Evasions...................................8

II.  LEGAL ARGUMENT ........................................................................13

    A.   The Court should order Caroline Abraham to show cause and
        hold her in contempt if she continues to ignore Plaintiff's
        subpoena .........................................................................12

        1.   The properly-issued subpoena has the same force as a
            court order.................................................................14

        2.   Caroline Abraham should be ordered to show cause for
            failing to obey the subpoena and held in contempt if she
            continues to ignore it. .................................................16

        3.   The Court should order Caroline Abraham to comply
            with the subpoena or face sanctions. ............................18

    VI.  CONCLUSION ..............................................................................20

3

## TABLE OF AUTHORITIES

*Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646 (9th Cir. 1980)............10, n.1

*Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357 (2d Cir.1991).....................12

*In re Irving*, 600 F.2d 1027 (2d Cir. 1979) ...............................................................16

*N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989)............16, 17

*SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2010) .............................................................14

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293
(S.D.N.Y.2009)........................................................................................................13

*Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789 (C.D. Cal. Mar. 9,
2009) .......................................................................................................................15

*Beare v. Millington*, No. 07-CV-3391(ERK)(MDG), 2010 WL 234771 (E.D.N.Y. Jan.
13, 2010) ...........................................................................................................12, 15

*Board of Governors of Federal Reserve System v. Pharaon*, 140 F.R.D. 634
(S.D.N.Y.1991)........................................................................................................12

*Catskill Dev., LLC v. Park Place Ent'mt Corp.*, 206 F.R.D. 78 (S.D.N.Y.2002)........13

*City Select Auto Sales, Inc. v. David/Randall Associates, Inc.*, Civil Action No. 11-
2658(JBS/KMW), Order (D.N.J. Aug. 20, 2013) ................................................10, n. 1

*Cordius Trust v. Kummerfeld*, 99 Civ. 3200, 2000 WL 10268 (S.D.N.Y. Jan.3, 2000)..
................................................................................................................................13

*First City, Texas–Houston v. Rafidain Bank*, 197 F.R.D. 250 (S.D.N.Y.2000) .........14

*In re Chief Exec. Officers Clubs, Inc.*, 359 B.R. 527 (Bankr. S.D.N.Y. 2007)............16

*Jade Apparel, Inc. v. Steven Schor, Inc.*, No. 11 CIV. 2955 KNF, 2012 WL 3578593
(S.D.N.Y. Aug. 15, 2012) ........................................................................................13

*JP Morgan Chase Bank, N.A. v. IDW Group, LLC*, 08 Civ. 9116, 2009 WL 1313259
(S.D.N.Y. May 11, 2009) .........................................................................................13

*King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y.1997)..............................14

*Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC,* Nos. 06 Civ. 7764, 2008 WL 3833238 (S.D.N.Y. Aug. 15, 2008) ................................................................ 13

*Morguita-Johnson v. City of Fresno,* 2015 WL 1021123 (E.D. Cal. Mar. 9, 2015) .... 14

*Northeast Women's Center, Inc. v. McMonagle,* Civ. A. No. 85–4845, 1987 WL 6665 (E.D. Pa. Feb. 10, 1987) ................................................................ 10, n. 1

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.,* No. C.A. 04-1371 JJF, 2006 WL 2604540 (D. Del. Aug. 24, 2006) ........................................... 10, n. 1

*Ultradent Products, Inc. v. Hayman,* No. 8–85, 2002 WL 31119425 (S.D.N.Y. Sept.24, 2002) ................................................................ 13

Fed.R.Civ.P. 45 ................................................................ pessim

Advisory Committee Notes, 1991 Amendment to Fed.R.Civ.P. 45 ...................... 12, 15

N.Y.C.P.L.R. § 308 ................................................................ 14, n. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL AND FACTUAL BACKGROUND

#### A.   Introduction

This motion seeks to enforce the subpoena issued to Caroline Abraham ("Abraham") commanding her to give her deposition on October 30, 2016 in Brooklyn, New York. The underlying litigation is pending in the United States District Court for the Eastern District of Michigan, Case No. 2:09-cv-14444-SFC-VMM (the "Michigan Action"), between Compressor Engineering Corporation and Manufacturers Financial Corporation, Charity Marketing, LLC, and Richard K. Stephens. This motion is being brought pursuant to Fed. R. Civ. P. 45, which requires that motions to compel compliance with a subpoena, or to hold a non-compliant person in contempt, be brought in the court for the district where compliance is required. Although the underlying case is pending in the Eastern District of Michigan, Abraham resides and was commanded to appear for a deposition in the Eastern District of New York.

#### B.   The Michigan Action.

Plaintiff Compressor Engineering Corporation ("Plaintiff"), filed suit against Manufacturers Financial Corporation, Charity Marketing, LLC, and Richard K. Stephens (collectively, "Defendants"), alleging that they violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending fax advertisements without first obtaining the recipients' prior express invitation or permission and without including the proper opt out notice required by the TCPA.

Plaintiff brought the Michigan Action on behalf of itself and a putative class of similarly-situated persons. Michigan Action, Doc. 1.

Plaintiff and Defendants then engaged in significant litigation over the years. During this time period, Defendants and Plaintiff engaged in discovery, which produced documents indicating that Defendants hired Caroline Abraham's business, a third-party fax broadcaster – Business to Business Solutions ("B2B") – to send out fax advertisements on their behalf. Since 2009, Plaintiff's counsel litigated numerous previous cases involving B2B, and previously deposed and interacted with the owner of B2B, Caroline Abraham. Through the discovery process, Plaintiff was previously able to obtain documents pursuant to Rule 45 subpoenas related to B2B's work for Defendants, as well as a declaration signed by Caroline Abraham that described the documents and the work done by B2B for Defendants.

Most recently, on April 7, 2016, the District Court granted Plaintiff class certification and ordered notice be sent out to all the class members. Michigan Action, Doc. 107. Plaintiff and Defendants subsequently worked together to finalize the notice sent to class members and send out the notice. On September 13, 2016, the District Court held a status conference where it (a) allowed Plaintiff leave to take the deposition of Caroline Abraham for her role in Defendants' fax broadcasting campaign, (b) file any motion for summary judgment on or before December 14, 2016, and (c) complete mediation/facilitation on or before December 14, 2016. Michigan Action, Doc. 124.

C.   Caroline Abraham's Subpoena Evasions.

Plaintiff prepared a "Subpoena To Testify At A Deposition to a Non-Party," Caroline Abraham, to appear at Diamond Reporting, 16 Court Street, Brooklyn, NY 11241-1001 at 9:00 a.m. Exhibit A, Declaration of Tod Allen Lewis ("Lewis Declaration"), ¶3, Exhibit 1 (subpoena dated September 26, 2016).

On September 29, 2016, at 6:01 p.m., the process server attempted to serve Caroline Abraham at 1601 E. 18th Street, Brooklyn, NY 11230. Lewis Declaration, ¶4, Exhibit 2 (Affidavit of Service - 1601 E. 18th Street). The process server was informed by the landlord at 1602 E. 18th Street, Brooklyn, NY, that Caroline Abraham had moved to 1812 Avenue R, Brooklyn, New York. Lewis Declaration, ¶5, Exhibit 2 (Affidavit of Service - 1601 E. 18th Street).

On September 29, 2016, at 6:20 p.m., the process server served Caroline Abraham, via substitute service, via a gentleman who fits the physical description of Jason Abraham, Caroline Abraham's husband. Lewis Declaration, ¶6, Exhibit 2 (Affidavit of Service - 1812 Avenue R). The process server also mailed a copy of the "Subpoena To Testify At A Deposition to a Non-Party" at 1812 Avenue R, Brooklyn, NY, on October 5, 2016. Lewis Declaration, ¶7, Exhibit 2 (Affidavit of Service - 1812 Avenue R).

Plaintiff also prepared a "Subpoena To Testify At A Deposition to a Non-Party," Jason Abraham, Caroline Abraham's husband, to appear at Diamond Reporting, 16 Court Street, Brooklyn, NY 11241-1001 at 11:00 a.m. Lewis Declaration, ¶8, Exhibit 3 (subpoena dated October 12, 2016). On October 19, 2016,

at 6:15 p.m., the process server served Jason Abraham, via substitute service, via Caroline Abraham, his wife. Lewis Declaration, ¶9, Exhibit 4 (Affidavit of Service - 1812 Avenue R). The process server also mailed a copy of the "Subpoena To Testify At A Deposition to a Non-Party" at 1812 Avenue R, Brooklyn, NY, on October 5, 2016. Lewis Declaration, ¶10, Exhibit 4 (Affidavit of Service - 1812 Avenue R).

Plaintiff also drafted a letter to Caroline and Jason Abraham explaining its willingness to accommodate them, but also warning that if they do not show at the deposition we would seek to enforce the subpoenas through the federal court system and have them held in contempt. Lewis Declaration, ¶11, Exhibit 5 (letter dated October 17, 2016). The October 17, 2016 letter was also emailed that same day to Caroline Abraham at an email address that Plaintiff's counsel previously personally communicated with Caroline Abraham on more than one hundred occasions from December 2010 through August 2014 – chayarochel4@gmail.com. Lewis Declaration, ¶12, Exhibit 6. This letter was also personally served on Jason Abraham, for himself, and substitute service for his wife Caroline Abraham, on October 20, 2016 at 6:30 p.m. Lewis Declaration, ¶13, Exhibit 7 (Affidavit of Service – Letter Dated October 17, 2016).

On both October 26, 2016 and October 30, 2016, Plaintiff's counsel also texted Caroline Abraham at 6:58 p.m. at a cell phone number 718-986-4055 that Plaintiff's counsel had previously communicated with her on from December 2010 through August 2014. Lewis Declaration, ¶14. Plaintiff's counsel did not receive a requested response on either occasion. *Id.*

On Sunday, October 30, 2016, Plaintiff's counsel attended the scheduled deposition of Caroline Abraham at 16 Court Street, Brooklyn, NY 11241, but she did not arrive at 9:00 a.m. or at any point thereafter through 1:30 p.m. See Lewis Declaration, ¶15, Exhibits 8, 9 and 10 (transcripts of three unsuccessful depositions).[1]

---

[1] In *City Select Auto*, the Court specifically found that "Ms. Abraham has scheduling limitations, including her job where she works five days a week and her religion which does not allow her to be deposed on Saturdays, which necessitate that she be deposed on a Sunday" and ordered that Abraham "be deposed on a mutually agreed upon Sunday in Brooklyn." Exhibit 15, *City Select Auto Sales, Inc. v. David/Randall Associates, Inc.*, Civil Action No. 11-2658(JBS/KMW), Order (D.N.J. Aug. 20, 2013). Courts clearly recognize that "[d]iscovery should be more limited to protect nonparty deponents from harassment [and] inconvenience...." *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, No. C.A. 04-1371 JJF, 2006 WL 2604540, *2 (D. Del. Aug. 24, 2006); *Northeast Women's Center, Inc. v. McMonagle*, Civ. A. No. 85–4845, 1987 WL 6665, *5 (E .D. Pa. Feb. 10, 1987); *Dart Indus. Co. v. Westwood Chem. Co .*, 649 F.2d 646, 649 (9th Cir. 1980). Consequently, since May 2011, Abraham's depositions have all occurred on Sundays:

| | |
|---|---|
| 5/15/2011 | Zersen v. PT Insurance |
| 6/12/2011 | Savanna v. Trynex |
| 8/7/2011 | Nayfa v. Papa's |
| 11/6/2011 | Dewar v. Kolesov |
| 11/13/2011 | Windmill v. Gornick |
| 11/20/2011 | Sparkle Hill v. Interstate |
| 12/4/2011 | American Copper v. Lake City |
| 12/4/2011 | Animal v. Hashem |
| 1/22/2012 | Slater v. Richgeis |
| 1/29/2012 | Sal's v. Duplicating |
| 4/22/2012 | Sabon v. Aqualogic |
| 9/23/2012 | APB v. Bronco's |
| 1/13/2013 | A Aventura v. Tankless |
| 1/20/2013 | Kaner v. Schiffman |
| 2/17/2013 | Bridgeview v. Long |
| 4/25/2013 | Siding and Insulation v. Alco |
| 6/2/2013 | Palm Beach v. Sarris |
| 6/23/2013 | Hawk Valley v. Taylor |

Caroline Abraham was also served with a subpoena for deposition in a separate matter at 1:00 p.m. on October 30, 2016 and she didn't show for that deposition either. Lewis Declaration, ¶16, Exhibit 11. The reason the depositions were scheduled for a Sunday, is that Ms. Abraham herself, from 2010 through 2014, insisted that for religious and work related reasons, the only possible days for availability for deposition were on Sundays. Defense counsel routinely concurs and cooperates to ensure that her wishes were met to decrease her burdens of compliance. Lewis Declaration, ¶17.

On November 6, 2016, Plaintiff's counsel emailed a draft version of the motion for an order to show cause to Caroline Abraham and requesting a meet and confer about same and received no response. Lewis Declaration, ¶18, Exhibit 12. To date, none of the attorneys at Bock, Hatch, Lewis, & Oppenheim, LLC have received any response from Caroline Abraham regarding the subpoenas or to any of our numerous attempts at communication as described above. At no point has Caroline Abraham offered any reason for not complying. All of Plaintiff's significant efforts have proven fruitless. Lewis Declaration, ¶19. Caroline Abraham was previously subject to a show cause order from this court for failure to comply with a Rule 45 subpoena. Lewis Declaration, ¶20, Exhibits 13 and 14.

| 11/17/2013 | Florida First v. Termprovider |
| 3/9/2014 | Loncarevic v. Stanley Foam |
| 5/4/2014 | Mixon v. Taylorville |

## II.   LEGAL ARGUMENT

### A. The Court should order Caroline Abraham to show cause and hold her in contempt if she continues to ignore Plaintiff's subpoena.

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed.R.Civ.P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. *See, e.g.,* Advisory Committee Notes, 1991 Amendment to Fed.R.Civ.P. 45; *Board of Governors of Federal Reserve System v. Pharaon,* 140 F.R.D. 634, 641–42 (S.D.N.Y.1991). Fed. R. Civ. P. 45 also requires that a subpoena be issued from the court where the action is pending.

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed.R.Civ.P. 45(e); *see Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir.1991). "Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." *Beare v. Millington,* No. 07-CV-3391(ERK)(MDG), 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010). If the subpoenaed party completely ignores the subpoena, the court may hold them in contempt for failure to obey the subpoena without an adequate excuse. Fed. R. Civ. P. 45(g).

Generally, "[s]erving a subpoena requires delivering a copy to the named person...." Fed.R.Civ.P. 45(b)(1). "The purpose of requiring delivery to a named person is to 'ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process.'" *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 304 (S.D.N.Y.2009) (citation omitted).

However, courts "in the Second Circuit interpret Rule 45's personal service requirement liberally where the type of service used 'was calculated to provide timely actual notice.'" *Id.* at 304 (citation omitted); see also *Jade Apparel, Inc. v. Steven Schor, Inc.*, No. 11 CIV. 2955 KNF, 2012 WL 3578593, at *1 (S.D.N.Y. Aug. 15, 2012).

Within this Circuit, Rule 45 essentially requires only delivery which reasonably ensures actual receipt by a witness. See, e.g., *JP Morgan Chase Bank, N.A. v. IDW Group, LLC*, 08 Civ. 9116, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009) (service of subpoena by certified mail, leaving a copy with person of suitable age and discretion); *Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, Nos. 06 Civ. 7764, 2008 WL 3833238, at *2–3 (S.D.N.Y. Aug. 15, 2008) (service of subpoena by mail and at place of business through agent); *Ultradent Products, Inc. v. Hayman*, No. 8–85, 2002 WL 31119425, at *3–4 (S.D.N.Y. Sept.24, 2002) (service of subpoena by certified mail); *Catskill Dev., LLC v. Park Place Ent'mt Corp.*, 206 F.R.D. 78, 84 n. 5 (S.D.N.Y.2002) (substitute service followed by mailing); *Cordius Trust v. Kummerfeld*, 99 Civ. 3200, 2000 WL 10268,

at *1 (S.D.N.Y. Jan.3, 2000); *First City, Texas–Houston v. Rafidain Bank*, 197 F.R.D. 250, 255 (S.D.N.Y.2000), aff'd, 281 F.3d 48 (2d Cir.2002); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 n. 1 (E.D.N.Y.1997) (any means of service in accordance with New York procedural law sufficient to satisfy Rule 45 requirements); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y.1997) (Service by substituted service on a person of "suitable age and discretion" at residence, followed by mailing, held to be sufficient under Rule 45).[2]

Caroline Abraham's subpoena was served on a gentleman fitting the description of her husband, Jason Abraham, and a copy was mailed to her home. Lewis Declaration, ¶¶6-7, <u>Exhibit 2</u>. Jason Abraham's subpoena for deposition was served directly on Caroline Abraham. Lewis Declaration, ¶9, <u>Exhibit 4</u>. Numerous other methods of contact via letter, process server, mail, texting, phone calls and emails were also employed, to no avail. Lewis Declaration, ¶¶11-16, <u>Exhibits 5-11</u>. Caroline Abraham has not responded to the subpoena or otherwise offered any reason for not complying.

1. **The properly-issued subpoena has the same force as a court order.**

"Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Morguita-Johnson v. City of Fresno*, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015), *citing SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010);

---

[2] *See also* N.Y.C.P.L.R. § 308 ("Personal service upon a natural person shall be made ... by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... and by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.")

*Beare*, 2010 WL 234771, at *3; *Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789, at *1 (C.D. Cal. Mar. 9, 2009) ("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court."); Fed. R. Civ. P. 45, Advisory Committee notes for 1991 Amendment ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions.").

The subpoena here was properly issued and served on Caroline Abraham. The subpoena was issued from the Eastern District of Michigan, the court where the underlying action is pending, in accordance with Fed. R. Civ. P. 45(a)(2). Lewis Declaration, ¶¶3, 6-7, 9, Exhibits 1, 2 and 4. Caroline Abraham was served by a process server, in accordance with Fed. R. Civ. P. 45(b), on September 28, 2016. *Id.*

Further, the subpoena complied with the 100 mile limit contained in Fed. R. Civ. P. 45 because it did not require Abraham to travel more than 100 miles to comply. The subpoena requiring Abraham to appear for her deposition complies with the 100 mile limit because it only required her to travel nine miles to sit for her deposition.

In summary, the subpoena to Abraham was properly issued, properly served, and complied with all of the requirements of Fed. R. Civ. P. 45. Therefore, it should be given the same effect as a court order.

**2. Caroline Abraham should be ordered to show cause for failing to obey the subpoena and held in contempt if she continues to ignore it.**

There are two forms of contempt, civil and criminal. A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil. *See N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989) (collecting cases). A sanction imposed to punish for an offense against the public and to vindicate the authority of the court, that is, not to provide private benefits or relief, is criminal in nature. *Id.* "[A] civil contempt order is remedial and coercive in nature, and is intended to secure compliance with lawful judicial decrees. ... It is essential that the courts have the power to compel the appearance of witnesses and the production of evidence." *In re Irving*, 600 F.2d 1027, 1037 (2d Cir. 1979).

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *In re Chief Exec. Officers Clubs, Inc.*, 359 B.R. 527, 533 (Bankr. S.D.N.Y. 2007). "A party may defend against contempt by showing that his compliance is 'factually impossible.' Once a prima facie showing of a violation has been made, the charged party has the burden of proving his or her inability to comply. In raising this defense, the defendant has the burden of production. The burden is on the disobedient party to demonstrate circumstances beyond its control, and that it took all reasonable steps, in good faith, to comply with the underlying order." *Id.* at 536.

Here, Plaintiff seeks to compel Abraham to obey the subpoena, and requests that the Court order Caroline Abraham to show cause and hold her in civil

contempt if she fails to do so. Caroline Abraham has not performed all reasonable steps within her power to comply with the subpoena. In fact, after being served over one month prior to the scheduled deposition, as well as being subsequently contacted by Plaintiff to see if she would need a change of schedule to accommodate any issues that may arise, Abraham has completely ignored the subpoena. Lewis Declaration, ¶¶3, 6-7, Exhibits 1, 2. The properly issued and served subpoenas imposed clear and definite requirements for Caroline Abraham to appear for a deposition. *Id.* The subpoena for Caroline Abraham's deposition specified the date, time, and place for Abraham to appear – October 30, 2016 at 16 Court Street, Brooklyn, New York 11241 at 9:00 a.m. *Id.*, Exhibit 1.

Rather than object to or comply with the subpoena, Abraham simply ignored it. *Id.*, ¶¶ 15-16, 19. Because the subpoena is tantamount to a court order, the court should use its inherent powers and order Caroline Abraham to show cause why she has not complied with it. If Abraham stills fail to respond, the Court should hold her in contempt.

### 3. The Court should order Caroline Abraham to comply with the subpoenas or face sanctions.

Sanctions for civil contempt can coerce compliance or, in order to compensate the party seeking compliance for injuries caused "to the beneficiary of the court's order, a civil fine may be imposed on the contemnor to compensate the victim for the loss or harm caused by the unlawful conduct." *N.Y. State Nat. Org. for Women*, 159 F.3d at 93. "A finding that a condemnor's misconduct was willful strongly supports granting attorney's fees and costs to the party prosecuting the

contempt." *Id.* at 96. A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due, so that it can be considered coercive (and therefore civil in nature) rather than punitive (and therefore criminal in nature). *Id.* at 93-95.

Here, Abraham has completely ignored Plaintiff's subpoena. Exhibit A, ¶¶ 15-16, 19. The Court should order Abraham to show cause why she has not complied with the subpoena. If Abraham still fails to comply, the Court should require her to pay Plaintiff's attorneys' fees and costs involved in obtaining her compliance and impose any other sanctioned it deems proper under the circumstances. Plaintiff has incurred significant expenses in bringing this motion and attempting to obtain Abraham's compliance with its properly issued and served subpoenas. Moreover, Plaintiff's counsel traveled to Brooklyn, New York for the deposition, expending time, effort, and money that could have been preserved, had Abraham chosen to respond to the subpoena. *Id.* Therefore, the court should impose sanctions on Caroline Abraham if she chooses to continue to ignore the subpoena.[3]

---

[3] Rule 45 requires that the subpoena be "issue[d] from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court" can hold a non-compliant party in contempt. Fed. R. Civ. P. 45(g). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Further, "[t]o enforce its order, the issuing court may transfer the order to the court where the motion was made." *Id.* It is, therefore, the discretion of the Court as to whether or

## VI.   CONCLUSION

For the foregoing reasons, the Court should order Caroline Abraham to show cause why she has failed to comply with Plaintiff's subpoena and hold her in contempt of court if she continues to ignore this Court's orders.

Dated: November 30, 2016

Respectfully submitted,

Kim E. Richman
**RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, NY 11201
718-705-4579
krichman@richmanlawgroup.com


**JASON J. THOMPSON**
Sommers Schwartz, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300
jthompson@sommerspc.com

**TOD A. LEWIS**
Bock, Hatch, Lewis, & Oppenheim, LLC
Attorney for Plaintiff
134 N. La Salle, Suite 1000
Chicago, IL 60602
312-658-5500
tod@classlawyers.com


not it would like to transfer this motion to the United States District Court for the Eastern District of Michigan.

# EXHIBIT C

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:16-mc-03020-MKB-PK Compressor Engineering Corporation v. Manufacturers Financial Corporation et al Order on Motion to Compel |
| **Date:** | Wednesday, January 04, 2017 1:13:44 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 1/4/2017 at 1:21 PM EST and filed on 1/4/2017

| | |
|---|---|
| **Case Name:** | Compressor Engineering Corporation v. Manufacturers Financial Corporation et al |
| **Case Number:** | 1:16-mc-03020-MKB-PK |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
ORDER granting [1] Motion to Compel Subpoena Compliance Pursuant to Rule 45. Non-party Caroline Abraham is ordered to comply with the subpoena in the action pending in the District Court for the Eastern District of Michigan, No. 2:09-cv-14444, by sitting for a deposition in the matter no later than January 15, 2017. This motion is no longer referred to Magistrate Judge Peggy Kuo. Ordered by Judge Margo K. Brodie on 1/4/2017. (Haji, Sara)

**1:16-mc-03020-MKB-PK Notice has been electronically mailed to:**

Kim Richman     krichman@richmanlawgroup.com, information@richmanlawgroup.com

Jason J. Thompson     jthompson@sommerspc.com, vstewart@sommerspc.com

Tod A. Lewis     tod@classlawyers.com

**1:16-mc-03020-MKB-PK Notice will not be electronically mailed to:**

# EXHIBIT D

| From: | ecf_bounces@nyed.uscourts.gov |
|---|---|
| To: | nobody@nyed.uscourts.gov |
| Subject: | Activity in Case 1:16-mc-03020-MKB-PK Compressor Engineering Corporation v. Manufacturers Financial Corporation et al Order on Motion for Extension of Time to Complete Discovery |
| Date: | Friday, January 06, 2017 6:04:23 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 1/6/2017 at 7:03 PM EST and filed on 1/6/2017

| **Case Name:** | Compressor Engineering Corporation v. Manufacturers Financial Corporation et al |
|---|---|
| **Case Number:** | 1:16-mc-03020-MKB-PK |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
ORDER granting [4] Motion for Extension of Time to Complete Discovery. Non-party Caroline Abraham will sit for deposition no later than January 27, 2017. Ordered by Judge Margo K. Brodie on 1/6/2017. (Haji, Sara)


**1:16-mc-03020-MKB-PK Notice has been electronically mailed to:**

Kim Richman     krichman@richmanlawgroup.com, information@richmanlawgroup.com

Jason J. Thompson     jthompson@sommerspc.com, vstewart@sommerspc.com

Tod A. Lewis     tod@classlawyers.com

**1:16-mc-03020-MKB-PK Notice will not be electronically mailed to:**

# EXHIBIT E

# BOCK, HATCH, LEWIS & OPPENHEIM, LLC

134 North La Salle Street, Suite 1000
Chicago, IL 60602
312-658-5500 (Phone) • 312-658-5555 (Fax)

January 9, 2017

Via Process Server, Email & Certified Mail

Caroline Abraham
1812 Avenue R
Brooklyn, New York, 11230

**In re Subpoena of Caroline Abraham, *Compressor Engineering Corp. v. Manufacturers Financial Corp.*, Case 1:16-mc-03020-MKB-PK (E.D.N.Y. Jan. 4, 2017) (Brodie, J.)**

Dear Caroline:

You have been commanded on January 4, 2017 by a federal judge, Hon. Margo K. Brodie of the Eastern District of New York, to sit for a deposition. The deposition will take place on **January 20, 2017, starting at 9 am at Diamond Reporting, 16 Court Street, Brooklyn, New York 11241.** See Exhibits A (January 4 Order), B (January 6 Order on extension) and C (deposition notice). Should you fail to appear on January 20, 2017, we will seek to have held in contempt of court, pursuant to Federal Rules of Civil Procedure 45(g). Once that occurs, the court may order sanctions against you.

Sincerely,

Tod A. Lewis
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
512.739.0390 (cell)
Tod@classlawyers.com



# EXHIBIT A

| From: | ecf_bounces@nyed.uscourts.gov |
|---|---|
| To: | nobody@nyed.uscourts.gov |
| Subject: | Activity in Case 1:16-mc-03020-MKB-PK Compressor Engineering Corporation v. Manufacturers Financial Corporation et al Order on Motion to Compel |
| Date: | Wednesday, January 04, 2017 1:13:44 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 1/4/2017 at 1:21 PM EST and filed on 1/4/2017

| **Case Name:** | Compressor Engineering Corporation v. Manufacturers Financial Corporation et al |
|---|---|
| **Case Number:** | 1:16-mc-03020-MKB-PK |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
ORDER granting [1] Motion to Compel Subpoena Compliance Pursuant to Rule 45. Non-party Caroline Abraham is ordered to comply with the subpoena in the action pending in the District Court for the Eastern District of Michigan, No. 2:09-cv-14444, by sitting for a deposition in the matter no later than January 15, 2017. This motion is no longer referred to Magistrate Judge Peggy Kuo. Ordered by Judge Margo K. Brodie on 1/4/2017. (Haji, Sara)

**1:16-mc-03020-MKB-PK Notice has been electronically mailed to:**

Kim Richman    krichman@richmanlawgroup.com, information@richmanlawgroup.com

Jason J. Thompson    jthompson@sommerspc.com, vstewart@sommerspc.com

Tod A. Lewis    tod@classlawyers.com

**1:16-mc-03020-MKB-PK Notice will not be electronically mailed to:**

# EXHIBIT B

| From: | ecf_bounces@nyed.uscourts.gov |
|---|---|
| To: | nobody@nyed.uscourts.gov |
| Subject: | Activity in Case 1:16-mc-03020-MKB-PK Compressor Engineering Corporation v. Manufacturers Financial Corporation et al Order on Motion for Extension of Time to Complete Discovery |
| Date: | Friday, January 06, 2017 6:04:23 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

Notice of Electronic Filing

The following transaction was entered on 1/6/2017 at 7:03 PM EST and filed on 1/6/2017
**Case Name:**     Compressor Engineering Corporation v. Manufacturers Financial Corporation et al
**Case Number:**   1:16-mc-03020-MKB-PK
**Filer:**
**Document Number:**   No document attached

Docket Text:
ORDER granting [4] Motion for Extension of Time to Complete Discovery. Non-party Caroline Abraham will sit for deposition no later than January 27, 2017. Ordered by Judge Margo K. Brodie on 1/6/2017. (Haji, Sara)

**1:16-mc-03020-MKB-PK Notice has been electronically mailed to:**

Kim Richman     krichman@richmanlawgroup.com,
information@richmanlawgroup.com

Jason J. Thompson     jthompson@sommerspc.com, vstewart@sommerspc.com

Tod A. Lewis     tod@classlawyers.com

**1:16-mc-03020-MKB-PK Notice will not be electronically mailed to:**

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

COMPRESSOR ENGINEERING )
CORPORATION, individually and as the )
representative of a class of similarly situated )
persons, )
          Plaintiff, )  No. 2:09-cv-14444-SFC-VMM
)
     v. )  Honorable Sean F. Cox
)
MANUFACTURERS FINANCIAL )
CORPORATION, CHARITY MARKETING, LLC )
and RICHARD K. STEPHENS, )
          Defendants. )
)

## NOTICE OF DEPOSITION



ROY, SHECTER & VOCHT
ATTORNEYS & COUNSELORS

William A. Roy

707 S. Eton St. Birmingham, MI 48009
TEL 248.540.7660 roy@rsmv.com FAX 248.540.0321

TO:

**PLEASE TAKE NOTICE** that January 4, 2017 by a federal judge, Hon. Margo K. Brodie of the Eastern District of New York, commanded Caroline Abraham to sit for a deposition, a copy of which is attached hereto, ordering Caroline Abraham to sit for a deposition in this case pursuant to the subpoena previously issued for October 30, 2016 for which she did not appear, or contact counsel in any way. Exhibits A (January 4 Order), B (January 6 Order on extension) and C (deposition notice). The deposition will take place at **Diamond Reporting, 16 Court Street, Brooklyn, New York 11241-1001** on **January 20, 2017 at 9:00 a.m. via court reporter**.

 

Compressor Engineering Corporation,
individually and as the representative of a
class of similarly situated persons,

Dated: January 9, 2017

_____
One of Plaintiff's attorneys

Tod A. Lewis
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that, on January 9, 2017, he caused to be served a true and correct copy of the foregoing Notice of Deposition on the parties listed below by email and by depositing the same in the U.S. mail at 134 N. La Salle St., IL 60602 with proper postage prepaid to the following address:



**ROY, SHECTER & VOCHT**
ATTORNEYS & COUNSELORS

William A. Roy

707 S. Eton St. Birmingham, MI 48009
TEL. 248.540.7660  roy@rsmv.com  FAX. 248.540.0321

_____
One of Plaintiff's attorneys

# EXHIBIT F

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPRESSOR ENGINEERING CORPORATION, individually and as the representative of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> MANUFACTURERS FINANCIAL CORPORATION, CHARITY MARKETING, LLC and RICHARD K. STEPHENS. <br><br> Defendants. | In re Subpoena of Caroline Abraham <br> Case 1:16-nc-03020-MKB-PK <br><br> **NOTICE OF MOTION AND MOTION MOTION REQUESTING AN ORDER TO HOLD CAROLINE ABRAHAM IN CONTEMPT FOR DISOBEYING THIS COURT'S ORDER TO SIT FOR A DEPOSITION; including a MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Hon. Margo K. Brodie |
| COMPRESSOR ENGINEERING CORPORATION, individually and as the representative of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> MANUFACTURERS FINANCIAL CORPORATION, CHARITY MARKETING, LLC and RICHARD K. STEPHENS. <br><br> Defendants. | Action pending in the United States District Court for the Eastern District of Michigan, No. 2:09-cv-14444-SFC-VMM, Hon. Sean F. Cox |

## NOTICE OF MOTION AND MOTION

## TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff, Compressor Engineering Corporation ("Plaintiff"), moves for an order pursuant to Fed. R. Civ. P. 45(g) requiring to hold Caroline Abraham ("Abraham") in contempt for disobeying this court's order to sit for a deposition. This Motion is supported by the attached Memorandum of Points and Authorities, as well as the

Declaration of Tod A. Lewis.

On January 4, 2017, this Court ordered Abraham to sit for a deposition no later than January 15, 2017. *In re Subpoena of Caroline Abraham*, *Compressor Engineering Corp. v. Manufacturers Financial Corp.*, Case 1:16-mc-03020-MKB-PK (E.D.N.Y. Jan. 4, 2017) (Brodie, J.). At Plaintiff's request the deadline was extended to January 27, 2017. *See* Doc. 4. Abraham did not appear for her court ordered deposition. In fact, Abraham has recently failed to appear for a total of five court or Rule 45 subpoena mandated depositions. Simply put, Abraham refuses to comply with the law.

The Court should hold Abraham in contempt. The Court should also order Abraham to appear before it and show cause why she has not complied with the subpoena, or this Court's orders. Should Abraham fail to appear at the show cause hearing, the Court should have her arrested by the U.S. Marshals to bring her before the Court. The Court should also impose a $200 daily fine until she complies with the Court's orders. Additionally, Abraham should be charged with Plaintiff's attorneys' fees and costs involved in obtaining her compliance and impose any other sanction the Court deems proper under the circumstances. The Court should also order that if Abraham complies with the Court's orders, fines, attorneys' fees and costs will be lifted. A Proposed Contempt Order and Order To Show Cause is attached hereto.

Dated: April 18, 2017                    Respectfully submitted,

Kim E. Richman
**RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, NY 11201
718-705-4579
krichman@richmanlawgroup.com

**JASON J. THOMPSON (P47184)**
Sommers Schwartz, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, MI  48075
248-355-0300
jthompson@sommerspc.com

**PHILLIP A. BOCK**
Tod A. Lewis
Bock, Hatch, Lewis, & Oppenheim, LLC
134 N. La Salle, Suite 1000
Attorney for Plaintiff
Chicago, IL  60602
312-658-5500
phil@classlawyers.com
tod@classlawyers.com

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 4, 2017, this Court ordered Caroline Abraham ("Abraham") to sit for a deposition no later than January 15, 2017 (extended to January 27, 2017). Doc. 4. Abraham did not appear for her court ordered deposition. In fact, over the last six months, Abraham has failed to appear for a total of <u>five</u> court or Rule 45 subpoena mandated depositions. Abraham refuses to comply with the law.

Consequently, Plaintiff prays for an order: (1) holding Abraham in contempt for disobeying this court's order; (2) commanding Abraham to appear before the court and show cause why she should not be ordered to pay Plaintiff's costs of travel for failing to appear at both the Rule 45 deposition and the court ordered deposition; and (3) commanding Abraham to comply with the Court's order to sit for a deposition.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Caroline Abraham previously failed to sit for a deposition pursuant to Rule 45 and, ultimately, this Court ordered Abraham to comply with the subpoena no later than January 27, 2017. Doc. 4; Declaration of Tod A Lewis, ¶¶ 3-5, <u>Exhibit 1</u> ("Lewis Declaration"). Abraham was served with this Court's orders, and further informed by letter and email. Lewis Declaration, ¶¶ 6-8.

Plaintiff attempted to take Abraham's deposition on January 20, 2017 but she did not appear. *Id.*, ¶ 9. Abraham apparently believes she's above the law. In fact, Abraham has failed to appear at a total of four Rule 45 depositions recently. *Id.*, ¶¶ 4-5. 10. Abraham was also the subject of an additional enforcement order in this court by Judge Donnelly, but that matter settled. *Id.*, ¶ 11.

1

Abraham is no stranger to Rule 45 subpoenas and having her deposition taken. In years past, Abraham was responsive to Rule 45 (and state court equivalent) subpoenas having routinely sat for depositions and produced documents. *Id.*, ¶ 12. Indeed, Abraham has been deposed nearly forty times in similar junk fax litigation. *Id.* All depositions occurred on Court Street in Brooklyn, New York, at various court reporter's offices. *Id.* Previously, Abraham routinely requested date changes when necessary and otherwise generally cooperated in the legal process. *Id.*, ¶¶ 13-14. However, Abraham is now resorting to all manner of non-cooperation and obstruction, including a recently installed camera at her home which is apparently helping her evasion efforts. *Id.*, ¶ 16.

## II.   LEGAL ARGUMENT

### A. The Court should hold Caroline Abraham in civil contempt.

Here, as conclusively shown by the Declaration of Tod A. Lewis, and the exhibits attached thereto, Caroline Abraham should be held in civil contempt. A civil contempt order will not issue unless a moving party establishes that: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Commercial, Ltda. V. GE Med. Sys. Info. Techs., Inc.*, 369 F. 3d 645, 655 (2d Cir. 2004); *CBS Broad, Inc. v. FilmOn.com, Inc.*, 814 F. 3d 91, 98 (2d Cir. 2016). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F. 3d 243, 250 (2d Cir. 2002).

Plaintiff has submitted clear and convincing proof that Abraham has failed, with no excuse, to obey both this court's orders and the related Rule 45 subpoena. Lewis Declaration, ¶¶

2

4-9, 15. The Court's orders were both crystal clear and unambiguous: "Non-party Caroline Abraham is ordered to comply with the subpoena in the action pending in the District Court for the Eastern District of Michigan, No. 2:09-cv-14444, by sitting for a deposition in the matter no later than January 15, 2017" and "Non-party Caroline Abraham will sit for deposition no later than January 27, 2017." Lewis Declaration, ¶¶ 4-5.

Plaintiff has also submitted clear and convincing evidence of a pattern and practice that Abraham refuses to comply with this court's orders, and refuses to follow the law in other cases. Id., ¶¶ 10-12, 16. Abraham has even recently installed cameras, apparently to enable her to better evade service. Id., at 16. This is despite the fact that, from her prior experience of sitting through nearly 40 depositions, Abraham clearly knows that she must comply. Id., ¶¶ 10-12.

At no time did Abraham respond or reach out to Plaintiff's counsel by email, phone, letter, or any other method of communication. Id., at 15. The burden is on the alleged contemnor to prove her inability to comply with the order or subpoena "clearly, plainly, and unmistakably." Huber v. Marine Midland Bank, Inc. v Barov, 51 F. 3d 5, 10 (2d Cir. 1995). "A party may defend against contempt by showing that his compliance is 'factually impossible.' Once a prima facie showing of a violation has been made, the charged party has the burden of proving his or her inability to comply. In raising this defense, the defendant has the burden of production. The burden is on the disobedient party to demonstrate circumstances beyond its control, and that it took all reasonable steps, in good faith, to comply with the underlying order." In re Chief Exec. Officers Clubs, Inc., 359 B.R. 527, 536 (Bankr. S.D.N.Y. 2007). Rather than object to or comply with either the subpoena or this court's order, Abraham simply ignored them.

Given the above law and facts, there is no fair ground of doubt as to the wrongfulness of Abraham's conduct here. Consequently, Abraham should be held in civil contempt and this court should issue a contempt order.

**B. The Court should issue a contempt order commanding Abraham to appear before the Court to coerce Abraham's compliance.**

"Civil sanctions have two purposes: to coerce compliance with a court order and to compensate a plaintiff." *CBS Broad*, 814 F. 3d at 101; *see also See N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989) (collecting cases); *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986) ("[S]anctions in civil contempt proceedings may be employed for either or both of two purposes; to coerce the [non-party] into compliance with the court's order, and to compensate the complainant for losses sustained."). "[A] civil contempt order is remedial and coercive in nature, and is intended to secure compliance with lawful judicial decrees. … It is essential that the courts have the power to compel the appearance of witnesses and the production of evidence." *In re Irving*, 600 F.2d 1027, 1037 (2d Cir. 1979). "Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *In re Chief Exec. Officers Clubs, Inc.*, 359 B.R. 527, 533 (Bankr. S.D.N.Y. 2007).

"A finding that a condemnor's misconduct was willful strongly supports granting attorney's fees and costs to the party prosecuting the contempt." *N.Y. State Nat. Org. for Women*, 159 F.3d at 96. A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due, so that it can be considered coercive (and therefore civil in nature) rather than punitive (and therefore criminal in nature). *Id.* at 93-95.

4

The Court should hold Abraham in contempt. The Court should also order Abraham to appear before it and show cause why she has not complied with the subpoena, or this Court's orders. Should Abraham fail to appear at the show cause hearing, the Court should have her arrested by the U.S. Marshals to bring her before the Court. Abraham the Court should also impose a $200 daily fine until she complies with the Court's orders. Additionally, Abraham should be charged with Plaintiff's attorneys' fees and costs involved in obtaining her compliance and impose any other sanction the Court deems proper under the circumstances. The Court should also order that if Abraham complies with the Court's orders, fines, attorneys' fees and costs will be lifted. A Proposed Contempt Order and Order To Show Cause is attached hereto.

## VI.   CONCLUSION

For the foregoing reasons, the Court should hold Abraham in contempt, and order her to appear for a show cause hearing. Should she fail to appear, the Court should issue an arrest warrant to force her appearance, and order that fines, attorney's fees and costs be paid to Plaintiff's counsel. Should Abraham comply, such fines, fees and costs should be lifted.

Dated: April 18, 2017                    Respectfully submitted,

                                         _Kim E. Richman_
                                         **RICHMAN LAW GROUP**
                                         81 Prospect Street
                                         Brooklyn, NY 11201
                                         718-705-4579
                                         krichman@richmanlawgroup.com

**JASON J. THOMPSON (P47184)**           **PHILLIP A. BOCK**
Sommers Schwartz, P.C.                    Tod A. Lewis
Attorney for Plaintiff                   Bock, Hatch, Lewis, & Oppenheim, LLC
2000 Town Center, Suite 900              134 N. La Salle, Suite 1000
Southfield, MI  48075                    Attorney for Plaintiff
248-355-0300                             Chicago, IL  60602
jthompson@sommerspc.com                  312-658-5500
                                         phil@classlawyers.com
                                         tod@classlawyers.com

6

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPRESSOR ENGINEERING CORPORATION, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MANUFACTURERS FINANCIAL CORPORATION, CHARITY MARKETING, LLC and RICHARD K. STEPHENS.<br><br>Defendants. | In re Subpoena of Caroline Abraham<br>Case 1:16-nc-03020-MKB-PK<br><br>**[PROPOSED] CONTEMPT ORDER AND ORDER TO SHOW CAUSE**<br><br>Hon. Margo K. Brodie<br><br>Action pending in the United States District Court for the Eastern District of Michigan, No. 2:09-cv-14444-SFC-VMM, Hon. Sean F. Cox |

Upon the reading of the affidavit of attorney Tod A. Lewis, sworn to on April __, 2017, and the documents annexed thereto, it is ORDERED, that Caroline Abraham is hereby held in contempt for violating this Court's orders of January 4 and 6, 2017, and is again commanded to sit for a deposition. Caroline Abraham must show before this Court, at Courtroom 6F, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, on _____, 2017 at _____ AM/PM or as soon thereafter as counsel may be heard, to explain why she violated this Court's orders (along with the underlying Rule 45 subpoena).

It is also ORDERED that should Caroline Abraham fail to appear at the above show cause hearing, the Court will order that Caroline Abraham be arrested by the U.S. Marshals and brought before the Court. Caroline Abraham is also subject to a $200 daily fine should she fail to comply with this show cause order, and will also be responsible for, and will be charged with Plaintiff's attorneys' fees and costs involved in obtaining her compliance. If Abraham complies

with this show cause order, and sits for the commanded deposition, all such fines, attorneys' fees and costs will be lifted.

It is further ORDERED that service of a copy of this order, together with the papers upon which it is granted, personally upon Caroline Abraham on or before on _____, 2017 at _____ AM/PM, or if Abraham continues to evade personal service with the use of cameras and other evasion methods, through the use of fair and reasonable substitute service methods including but not limited to, Certified Mail, FedEx/UPS return receipt, Email, and U.S. Mail.

Dated: Brooklyn, New York, _____, 2017.


_____
Hon. Margo. K. Brodie, U.S.D.J.

# EXHIBIT H

1

2     UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF MICHIGAN
3     ----------------------------------------X
      SHARI MACHESNEY, individually and as the
4     representative of a class of similarly-
      situated persons,
5
                                PLAINTIFF,
6

7           -against-          Case No.:
                               10-CV-10085-SFC-MJH
8

9     LAR-BEV OF HOWELL, et al.,

10                             DEFENDANTS.
      ----------------------------------------X
11

12                   DATE:  October 30, 2016

13                   TIME:  1:16 P.M.

14

15

16           STATEMENT in the above-entitled

17    matter, taken by the Plaintiff, pursuant to

18    Subpoena and to the Federal Rules of Civil

19    Procedure, held at the offices of Diamond

20    Reporting & Legal Video, 16 Court Street,

21    Brooklyn, New York 11241, before Robert X.

22    Shaw, CSR, a Notary Public of the State of

23    New York.

24

25

```
 1

 2     A P P E A R A N C E S:

 3

 4     BOCK, HATCH, LEWIS & OPPENHEIM, LLC
            Attorneys for Plaintiff
 5          134 North La Salle Street, Suite 1000
            Chicago, Illinois 60602
 6          BY:  TOD LEWIS, ESQ.
            Tod@classlawyers.com
 7          512.739.0390
            File #:  10-CV-10085
 8

 9

10     HARVEY KRUSE, P.C.
            Attorneys for Defendants
            1050 Wilshire Drive, Suite 320
11          Troy, Michigan 48084
            BY:  JASON R. MATHERS, ESQ.
12

13

14                *          *          *
15

16

17

18

19

20

21

22

23

24

25
```

1
2          MR. LEWIS:  This is Tod Lewis
3     on behalf of Shari Machesney, the
4     Plaintiff in the instant case.
5          MR. MATHERS:  And Jason Mathers
6     representing the Lar-Bev Defendants
7     in the case.
8          MR. LEWIS:  We are here, and it
9     is about 1:16 p.m.
10          Earlier this morning, Caroline
11     Abraham was also scheduled for a
12     deposition in a case entitled
13     Compressor Engineering versus
14     Manufacturers Financial Corporation,
15     and she did not show.
16          In both that case and this case
17     she was served with a subpoena.
18          (Whereupon, Plaintiff's Exhibit
19     1, Subpoena, was marked for
20     identification as of this date by the
21     reporter.)
22          (Whereupon, Plaintiff's Exhibit
23     2, affidavit, was marked for
24     identification as of this date by the
25     reporter.)

1
2          (Whereupon, Plaintiff's Exhibit
3     3, affidavit, was marked for
4     identification as of this date by the
5     reporter.)
6          (Whereupon, Plaintiff's Exhibit
7     4, October 17, 2016 letter, was
8     marked for identification as of this
9     date by the reporter.)
10          MR. LEWIS:  We have an
11    affidavit of service, and we sent her
12    a letter, we e-mailed that same
13    letter to her, and we texted her on
14    Wednesday, October 26th, and then
15    again this morning on October 30 and
16    there were no replies.
17          We called her cell phone this
18    morning, October 30, also and I also
19    called another number that we have
20    some information as her home phone
21    number or at least was at one time,
22    and there was no answer there as
23    well.
24          We will be attaching to the
25    record as Plaintiff's Exhibit 1, the

1
2    subpoena, a subpoena to testify at a
3    deposition in the civil action; and
4    Plaintiff's Exhibit 2 is an affidavit
5    of service; and Plaintiff's Exhibit 3
6    is another affidavit of service; and
7    then Plaintiff's Exhibit 4 is the
8    October 17, 2016 letter that was both
9    sent to her and also e-mailed to her
10   and her husband.
11        Also for the record, her
12   husband was subpoenaed and served in
13   the other matter Compressor versus
14   Manufacturers, and he was scheduled
15   for an 11 A.M. deposition and he did
16   not show up as well.
17        That is pretty much all I have,
18   Jason.  Do you have anything else to
19   add for the record?
20        MR. MATHERS:  I do not.
21        MR. LEWIS:  Anything else that
22   we think should be added to the
23   record?
24        MR. MATHERS:  No.  I think that
25   is covered.  I can verify that we are

```
 1
 2        here for the deposition and there is
 3        no witness here.
 4             MR. LEWIS:  So that will be the
 5        end of this record.
 6             Thank you.
 7             (Whereupon, at 1:18 P.M., the
 8        above matter concluded.)
 9
10
11             I, ROBERT X. SHAW, CSR, a
12        Notary Public for and within the
13        State of New York, do hereby certify
14        that the above is a correct
15        transcription of my stenographic
16        notes.
17
18        _____
19             ROBERT X. SHAW, CSR
20
21
22
23
24
25
```

```
 1
 2                    E X H I B I T S
 3
 4    PLAINTIFF'S EXHIBITS
 5
 6    EXHIBIT     EXHIBIT                     PAGE
 7    NUMBER      DESCRIPTION
 8      1         Subpoena                     3
 9      2         Affidavit                    3
10      3         Affidavit                    4
11      4         October 17, 2016 letter      4
12
13            (Exhibits retained by Reporter.)
14
15
16
17
18
19
20
21
22
23
24
25
```

# EXHIBIT I

STATEMENT ON THE RECORD                                    February 27, 2017
13-50 RIVER ROAD vs ANSAM COMMERCIAL                                    1-4

Page 1

```
 1   UNITED STATES DISTRICT COURT
     DISTRICT OF NEW JERSEY - NEWARK VICINAGE
 2   ------------------------------------------X
     13-50 RIVER ROAD CORP., d/b/a EMPRESS
 3   DINER,
     Individually and as the representative of
 4   a class of similarly situated persons
 5              Plaintiffs,
 6       -against-
 7   ANSAM COMMERCIAL KITCHEN & VENTILATION
     SPECIALISTS, INC.,
 8
                Defendant.
 9
     Docket No.: 2:16-CV-00710-CCC-JBC
10   ------------------------------------------X
11
12              DATE: February 27, 2017
13              TIME: 10:35 a.m.
14
15       STATEMENT ON THE RECORD for Plaintiff,
16   CAROLINE ABRAHAM, for 13-50 RIVER ROAD CORP., d/b/a
17   EMPRESS DINER, taken by the Defendant, pursuant to a
18   Subpoena, held at the offices of Esquire Deposition
19   Solutions, 32 Court Street, Suite 602, Brooklyn, New
20   York 11201, before Avery N. Armstrong, a Notary
21   Public of the State of New York.
22
23
24
25
```

Page 2

```
 1   A P P E A R A N C E S :
 2
     BOCK, HATCH, LEWIS & OPPENHEIM, LLC
 3            Attorneys for the Plaintiffs
              13-50 RIVER ROAD CORP., d/b/a EMPRESS
 4            DINER
              134 North La Salle Street, Suite 1000
 5            Chicago, Illinois 60602
 6   BY: TOD A. LEWIS, ESQ.
 7
     McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
 8            Attorneys for the Defendant
              ANSAM COMMERCIAL KITCHEN & VENTILATION
 9            SPECIALISTS, INC.
              1300 Mount Kemble Avenue
10            Morristown, New Jersey 07962
11   BY: ANTHONY J. FREDELLA, ESQ.
12
13
14
15
16
17
18
19
20
21
22        *              *              *
23
24
25
```

Page 3

```
 1   S T A T E M E N T :
 2            (Whereupon, Exhibits 1 through
 3            3 were marked for
 4            Identification.)
 5       MR. LEWIS:  My name is Tod Lewis, and I
 6   represent plaintiff, 1350 River Road
 7   Corporation, doing business as Empress Diner,
 8   and I'm here with defendant's counsel.
 9       MR. FREDELLA:  Anthony Fredella.
10       MR. LEWIS:  And we were going to have
11   Ms. Caroline Abraham here today, and she was
12   served and has failed to appear.
13       This is the approximate fifth time that
14   she has failed to appear for a deposition in
15   the last four, five, months.
16       We have attached Exhibits 1 through 3 to
17   the record.  The first is an amended subpoena
18   to testify at a deposition, a rider commanding
19   Ms. Abraham to produce documents was also
20   attached to the subpoena, and we'll let the
21   record reflect that she did not produce any
22   documents as she was required to produce as
23   well.
24       Exhibit 2 is an e-mail that I sent to
25   Ms. Abraham and CCed defendant's counsel and
```

Page 4

```
 1   various plaintiff's counsel on it.  Ms. Abraham
 2   did not respond to that e-mail, and Exhibit 3
 3   is a declaration that Ms. Abraham gave back in
 4   December 2010.  I think that's about it.
 5       Do you have anything else, counselor?
 6       MR. FREDELLA:  No.  Defendant just filed a
 7   motion for a leave to file amended answer to
 8   assert a third-party complaint against Business
 9   to Business Solutions, doing business as Maxi
10   Leeds.
11       We obviously would reserve our rights to
12   call her as a party witness if needed as well.
13       MR. LEWIS:  So that will conclude the
14   record.
15       Thank you.
16            (Whereupon, at 10:37 p.m., the
17            proceedings concluded.)
18
19
20
21
22
23
24
25
```



STATEMENT ON THE RECORD
13-50 RIVER ROAD vs ANSAM COMMERCIAL

February 27, 2017
5–6

**Page 5**

```
 1              E X H I B I T S
 2   EXHIBITS         FOR ID          PAGE
 3   1          subpoena to testify     3
 4   2          e-mail chain            3
 5   3          declaration of          3
                Caroline Abraham
 6
 7
 8
 9              (Exhibits retained by Reporter.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 6**

```
 1              C E R T I F I C A T E
 2
 3   STATE OF NEW YORK        )
                              :ss.:
 4   COUNTY OF KINGS          )
 5
 6        I, AVERY N. ARMSTRONG, a Notary Public for
 7   and within the State of New York, do hereby certify:
 8        That the witness whose examination is
 9   hereinbefore set forth was duly sworn and that such
10   examination is a true record of the testimony given
11   by that witness.
12        I further certify that I am not related to
13   any of the parties to this action by blood or by
14   marriage and that I am in no way interested in the
15   outcome of this matter.
16        IN WITNESS WHEREOF, I have hereunto set my
17   hand this 27th day of February 2017
18
19              _____
                AVERY N. ARMSTRONG
20
21
22
23
24
25
```





000093

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

Jason Abraham/Son
1-26-17  2:13pm
DD #1341639

13-50 River Road Corp. d/b/a Empress Diner )
_____ )
*Plaintiff* )
v. )                    Civil Action No.    2:16-cv-00710
_____ )
Ansam Commercial Kitchen and Ventilation Special )
*Defendant* )

*Amended* **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:                          Caroline Abraham
                    1812 Avenue R, Brooklyn NY 11230
                    *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
                 See topics on the attached Rider to Subpoena.

| Place:  Esquire Court Reporting | Date and Time: |
|  32 Court Street, Suite 602 |  |
|  Brooklyn, NY 11201 | 02/27/2017 1:00 pm |

The deposition will be recorded by this method:     Steongraphic Recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
            See attached Rider to Subpoena. Documents to be produced in electronic format when possible; if
            not possible, produce on paper without watermarks.  Documents to be produced no later than
            02/17/2017 @ Anderson + Wanca, 3701 Algonquin Rd.,Ste. 500, Rolling Meadows, IL 60008.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/23/2017

CLERK OF COURT                                       OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
13-50 River Road Corp. d/b/a Empress Diner    , who issues or requests this subpoena, are:
Ross M. Good, ANDERSON + WANCA, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008 ph: 847-368-1500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## RIDER

1.    All documents or computer records containing communications between ANSAM COMMERICAL KITCHEN AND VENTILATION SPECIALISTS, INC. and RUSS BALAB located at 25 Chobot Lane, Elmwood Park, NJ 07407 (or any other address) and any of the agents or employees of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company since February 9, 2012.

2.    All documents, telephone records, or computer records sufficient to identify or which may lead to the identity of the fax numbers, names and addresses of persons or entities to whom Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company, on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILATION SPECIALISTS, INC. and RUSS BALAB or any related or affiliated entity or party sent or caused to be sent any fax advertisement for the period of February 9, 2012 to present, and whether the fax transmissions were successful or received.

3.    All information provided to ANSAM COMMERCIAL KITCHEN AND VENTILATION SPECIALISTS, INC. and RUSS BALAB by Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any affiliated or related company or party and any of its agents or employees.

4.    All records, whether written, recorded or electronic, which identify or show when the fax transmissions (the same or similar to Exhibit A attached) were sent on behalf of ANSAM COMMERICAL KITCHEN AND VENTILATION SPECIALISTS and RUSS BALAB or any related or affiliated entity or party.

5.    All documents, telephone records or computer records which contain the lists used to send or transmit the faxes sent on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILATION SPECIALISTS and RUSS BALAB or any related or affiliated entity or party.

6.    All cancelled checks, contracts, invoices or service orders evidencing the purchase of names and fax numbers which were utilized to send or transmit the fax transmissions sent on behalf of ANSAM COMMERCIAL KITHCEN AND VENTILATION SPECIALISTS and RUSS BALAB or any related or affiliated entity or party from February 9, 2012 to the present.

7.    All cancelled checks, contracts, invoices or service orders evidencing the purchase or acquisition in any matter from Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company or entity or individual, of names and fax numbers covering the period of February 9, 2012 to the present.

1

8. All documents which describe the manner in which the lists of telephone numbers to which the fax transmissions sent on behalf of ANSAM COMMERCIAL KITHCEN AND VENTILATION SPECIALISTS and RUSS BALAB or any related or affiliated entity or party were sent, were compiled, were obtained, or were maintained from February 9, 2012 to the present.

9. The logs of individuals who gave prior express permission or invitation to receive the fax transmissions sent on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILATION and RUSS BALAB or any related affiliated entity or party.

10. All documents which describe the manner in which you maintained records relating to the transmission of faxes sent on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILATION and RUSS BALAB any related or affiliated entity or party.

11. All documents, telephone records or computer records which contain, describe, or specify complaints or objections from recipients of fax transmission sent on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILAITON and RUSS BALAB or any related or affiliated entity or party.

12. All lists used by Business to Business Solutions, Maxileads, Macaw, Speakeasy, The Marketing Research Center or affiliated entity or party to transmit fax advertisements.

13. All logs of fax transmissions received from Business to Business Solutions, Macaw, Maxileads, Speakeasy or any related or affiliated entity and any phone records for February 2012 for any phone number assigned to Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company, from which any faxes were transmitted on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILATION and RUSS BALAB or any related or affiliated entity or party.

14. All phone records for any monthly period of time from February 9, 2012 to present for any phone number assigned to Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated company, from which faxes were transmitted on behalf of ANSAM COMMERCIAL KITCHEN AND VENTILATION and RUSS BALAB or any related or affiliated entity or party.

15. Any contracts or agreements entered into by ANSAM COMMERCIAL KITCHEN AND VENTILATION and RUSS BALAB or any related or affiliated entity or party at any time with Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated entity or party from February 9, 2012 to the present.

16. Any documents from ANSAM COMMERCIAL KITCHEN AND VENTILAITON and RUSS BALAB or any related or affiliated entity in the possession of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any related or affiliated entity.

17. All computer hard drives used to store communications or communicate with ANSAM COMMERCIAL KITCHEN AND VENTILATION and RUSS BALAB from February 9, 2012 to present.

18. All computer hard drives used to store communications or communicate with customers of Business to Business Solutions, Macaw, Maxileads, Speakeasy, The Marketing Research Center or any of their employees.

19. All Documents identifying the name, address, date of birth and/or social security number for persons who performed work for or were employed by Business to Business Solutions, Macaw, Maxileads, Speakeasy, and The Marketing Research Center.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:16-cv-00740

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* __Caroline Abraham__

on *(date)* __1-05-17__

X I served the subpoena by delivering a copy to the named individual as follows: __accept by__
__Son Jacob Abraham @ 1313 Ave R, Brooklyn, NY__ *(date)* __1/06/17 @ 7:13 PM__

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__

I declare under penalty of perjury that this information is true.

Date: __1-30-17__

_____
*Server's signature*

__Louis D___ Decker #134/1637__
*Printed name and title*

__98 Beach St 2nd FL, SI, NY 10304__
*Server's address*

Additional information regarding attempted service, etc.:

__N/W/ Brown hair/40/5-7"/150 lbs.__
__Religious clothing.__



| | |
|---|---|
| **From:** | Tod Lewis |
| **To:** | Caroline Abraham <chavarochel4@gmail.com> (chavarochel4@gmail.com) |
| **Cc:** | Ross Good (rgood@andersonwanca.com); David Oppenheim; "ccompolir@mdmc-law.com"; John Orellana |
| **Subject:** | Deposition Monday, February 27, 2017, at Esquire Reporting, 32 Court Street, Suite 602, Brooklyn, NY 11201 at 1:00 p.m. -- 13-50 River Road v Ansam Commercial |
| **Date:** | Wednesday, February 22, 2017 9:29:12 AM |
| **Attachments:** | Ansam -- Rider - Abraham.pdf |
| | Ansam Proof - C Abraham.pdf |
| | Caroline Abraham.pdf |
| | Subp. 13-50 v. Ansam.pdf |
| | 13-50 v Ansam Amended Subp. for Depo and Docs.pdf |
| | 2017-2-14 13-50 River Rd. v. Ansam Caroline Abraham Check.pdf |

Caroline:

Please see and read the attached. As you know, we had a subpoena served on your household indicating that you are to appear Monday, February 27, 2017, at Esquire Reporting, 32 Court Street, Suite 602, Brooklyn, NY 11201 at 1:00 p.m. Also, a rider requesting documents which is again attached hereto was also sent to you. To date, we've not received any documents from you and the deadline of 2-17-2017 has passed. Please send them via email to me for convenience sake, especially since the time for deposition is drawing near. As you know, your witness fee check was sent via Fed Ex and a copy is attached.

Should you fail to send and produce the requested documents or fail to appear on February 20, 2017, we will seek to have you held in contempt of court, pursuant to Federal Rule of Civil Procedure 45(g). Once that occurs, the court may order sanctions against you including an order mandating that a federal marshal retrieve you to sit for the deposition along with document production, along with attorney fees and expenses. We have been very disappointed that you've not been attending depositions pursuant to both subpoena and court order recently in other cases.

Please also email us back confirming that you will be attending as required, along with attaching the relevant documents under subpoena. Thank you.

Best Regards,

Tod A. Lewis

Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle St., Suite 1000
Chicago, IL 60602
512-739-0390 (Cell)
312-658-5515 (Direct)

Attention: This message is sent by a law firm and may contain privileged or confidential information. If you received this email transmission in error, please notify the sender by reply e-mail and then delete the message and any attachments. Thank you.

Tod A. Lewis
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle St., Suite 1000
Chicago, IL 60602
512-739-0390 (Cell)
312-658-5515 (Direct)

Attention: This message is sent by a law firm and may contain privileged or confidential information. If you received this email transmission in error, please notify the sender by reply e-mail and then delete the message and any attachments. Thank you.



## DECLARATION OF CAROLINE ABRAHAM

I, Caroline Abraham, hereby declare and affirm as follows:

1.    I am of legal age, have personal knowledge of the facts set forth herein, and am otherwise competent to testify.

2.    Business to Business Solutions ("B2B") is a d/b/a of mine that was involved in the sending of fax advertising from approximately August 2005 until September 2007.

3.    B2B assisted a Romanian business, Macaw, S.R.L., by providing phone lines, banking services (*e.g.* receiving check payments from customers and cashing same), and other administrative services, such as data entry, editing advertisements to be broadcast faxed for customers, paying telephone and other bills, and disbursing money as directed by Macaw.  I have personal knowledge regarding these matters because I was an active participant and observer of activities that took place throughout the time Macaw was directing fax broadcasting.  For example, all incoming faxes for B2B or Macaw came directly to me.  I have personal knowledge of the business systems and procedures used by B2B and Macaw that routinely generated the records, computer generated data, and other electronically stored information, such as faxes, emails, and correspondence with customers, that were preserved contemporaneously at or near the time they occurred, as a matter of course, all of which was created, acquired, maintained and preserved without alteration or change, in the course of our regularly conducted fax

1

broadcasting activities of Macaw.  These were regular, systematic, consistent and routine practices necessary to the daily operations of B2B's business.  At all times relevant, I have been the custodian of those records and they have been stored in my personal residence.  B2B used computers and those computers were reliable during the course of operations and were kept in a good state of repair and working order throughout.

   4. In response to subpoenas in other lawsuits, I produced (or caused to be produced) to lawyers at Anderson & Wanca an original computer hard drive and two DVD Rom disks containing B2B's electronically stored information and computer generated records.  In those other lawsuits, I was ordered to supply evidence, including all the lists of fax numbers to which Macaw sent fax ads over a long period of time.  In fact, I was served an order to show cause in the United States District Court, District of New York.  In the end, my son Joel Abraham, who has helped me with my business computers, was able to find lists of fax numbers on backup disks and on a B2B computer hard drive, and those lists satisfied the items Anderson & Wanca was seeking.  An Anderson & Wanca attorney sent subpoenas to hand over the actual backup disks and hard drive on which Joel found the lists of fax numbers and Joel delivered the backup disks and hard drive to Anderson & Wanca.  Joel brought one or both of the DVD disks to depositions taken on January 9, 2009, and he sent the hard drive and

2

perhaps the other DVD disk through his attorney.  None of these items has been returned to us.  The backup disks and hard drive contained copies of fax ads and lists of fax numbers for many other businesses for which Macaw sent fax ads.

I am also informed and believe that the computer hard drive was a Western Digital brand drive marked S/N # WCAHL6653150 and WD P/N: WD800BB – 00DKA0.  This hard drive was taken directly from one of B2B's computers for production to Anderson + Wanca.  One DVD is labeled "FAXING 060430," indicating that it contains a backup of computer data on April 30, 2006.  A second DVD is labeled "FAXING (1, 2, 3) 060715," indicating that it contains a backup of computer data on July 15, 2006.  The backup DVDs were created by Joel Abraham pursuant to my instructions to him to do so.

5.     Such electronically stored information and other computer generated documents were routinely stored within B2B computers, including, for example, fax transmission logs, fax images, confirmatory email records of fax transmissions, and various types of correspondence with fax broadcasting customers.  B2B's electronically stored information and other computer generated documents were contemporaneously prepared at or near the time of occurrence, in the normal course of B2B's regularly conducted business activities related to fax broadcasting, and were made in furtherance of B2B's business needs as a regular practice.  All B2B data remained in my personal residence, untouched and

3

untampered with, and I have no reason to believe that it was ever changed, modified, or altered after its creation. Also, "back ups" of those data were created from time-to-time and stored on CDs or DVDs.

6.      Macaw's and B2B's customary business operations were conducted as follows: First, Macaw sent its own fax advertisements to thousands of businesses in an effort to offer to them fax broadcasting services. Second, after a potential customer expressed interest, pertinent information would be collected and assembled. We typically communicated with customers by phone calls and faxes, along with occasional emails. We would request information from customers by providing a form through fax correspondence that said, "tell us what to write in your free ads," and they would provide us with their pertinent information on that form. Third, using the customer's provided information, one or more advertisements would be designed and drafted by Macaw and myself and sent to the customer. Customers typically made some revisions before approving the final form and content. Sometimes a customer would provide us with an advertisement designed by the customer (or some person working on their behalf). Fourth, the advertisement would be finalized and approved, and payment or promise of payment would be requested and received before the fax campaign would begin. Fifth, I would instruct Macaw's computer and database operators about how to construct the fax list to conduct the campaign in accordance with stated customer requests and directives. Customers

typically requested that Macaw send their faxes: (1) within close proximity to their business either by zip code(s) or area code(s) (*e.g.,* restaurants or chiropractors); (2) to certain specific areas only; or (3) to certain specific types or categories of businesses they wished to target (*e.g.,* nursing homes or schools). With regard to (1), for example, the computer technicians could use a program to do a radius search to determine the number of fax numbers within close proximity to a customer's business. Sixth, after receiving my instructions based on customer requests, Macaw's computer technicians (e.g., Ionut and Adrian) would follow those instructions to compile the fax lists from the database once purchased from InfoUSA. Then, the customer's fax would be sent to that list using B2B's computer system with the HylaFax program.

7.    Database information that had been purchased from InfoUSA containing a variety of information about U.S. companies, including fax numbers and contact persons. We did not contact any of those companies or persons to ask them for express permission or invitation to receive fax advertisements from any specific B2B customer.

8.    B2B's electronically stored information and computer-generated records contained many distinctive characteristics. For example, B2B used some standard letterheads, sometimes saying "Maxileads" or the "Marketing Research Center":

**Business to Business Solutions, Agents**
2920 Avenue R, Suite 214, Brooklyn, New York 11229
Phone: (718) 360-0971 Ext 185 ; (800) 264-3898 Ext 185
Fax:  (718) 228-5522; (800) 871-4211
www.btobsolutions.net/maxileads         kevin.wilson@speakeasy.net


**MaxiLeads**
Avenue R, Brooklyn, New York 11229
Phone: (718) 360-0971, Ext 185          Fax: (718) 228-5522
www.btobsolutions.net/maxileads         kevin.wilson@speakeasy.net

9.    Many faxes contained a restaurant cartoon similar to the

following:



While the wording varied over time, B2B faxes typically contained a

footer notice similar to one of the following messages:

WARNING – We report to the state bar association and file criminal and civil charges against lawyers and others who "Fax Bait" or attempt extortion against sponsors or us.  We receive fax numbers and permission to fax from web pages, yellow pages, or businesses themselves.  Date and time stamp at top.  To STOP receiving faxes, call "Remove" (below.)  This message is the property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc. Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399.  WARNING – Although we charge nothing to use the "800" number, your telephone company could charge you $1.00 or more per minute if you use it internationally.

**"Remove" Hotline, (718) 360-0971, ext 233**

_____ Sponsor (above) and sender are not affiliated with, or endorsed by, any charitable organization _____
**Please Contribute to Local Charities Dedicated to Helping the Poor and Homeless**
If you received this appeal in error, we apologize. We sent this private charitable appeal because an individual using your business phone supplied the fax number and permission to send faxes. (To date, nobody has requested that we discontinue despite our having sent at least one previous fax offering the opportunity to do so using a toll free "Remove" number.) As a charitable appeal, although exempt from most faxing regulations, it conforms to all regulations including providing a toll free "Remove" number (below), disclosing the senders name, address, and telephone number (below), and containing a date and time stamp (top of the page). To STOP receiving charitable appeals or other faxes from us, call one of the "Remove" Hotline numbers below. (One is "toll free" for your convenience.) To continue to receive appeals, do NOT call. This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc. Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.
**"Remove" Hotline, or (718) 360-0971, ext 233, or (800) 991-9484, ext 399.**
**Complaint Hotline (718) 360-1330, ext 232**

Sometimes, however, a B2B fax would contain a single sentence "remove" notice, including a telephone number to call for removal.

10.    After each fax broadcast, I would receive from the computer technicians an email containing information about the success of the broadcast.  As an example, one such email is reproduced below:

**Caroline Abraham**

| | |
|---|---|
| From: | FaxServer2 [ionut@macaw.ro] |
| Sent: | Friday, June 09, 2006 4:22 AM |
| To: | undisclosed-recipients: |
| Subject: | FaxServer2: Backup 2006.06.09-Jones done |

```
Campaign(mysql DB):    NumereJones20060607
Fax file name:         K051708_AnestheticVaporizerPlain060607a-jones.txt
Records in DB:         10341
Records used:          10341

First fax:             06/08/06 19:57
Last fax :             06/09/06 04:10
Backed up:             Fri Jun  9 04:22:22 EDT 2006

Summary:
10341 TOTAL in xferfaxlog
8335  DELIVERED
2006  UNDELIVERED
----------------------------------------------------------------
Fisierul folosit: /FAXING/FaxBak/2006.06.09-Jones/etc/xferfaxlog

Your second best friend,
Fax Server 2
```

11.    In the example in the preceding paragraph, "Records in DB" means the number of fax numbers compiled to build the broadcast list in accordance with the customer's instructions.  "Records used" means the number of fax numbers in the "DB" to complete an individual

7

transmission job. "Fax file name" means the name given to the electronic version of the fax advertisement used in the campaign. "Delivered" means that our fax sending program received a confirmation of successful receipt from the receiving fax device. "Undelivered" means that our fax sending program did not receive a successful receipt confirmation, which could happen for several reasons, including: (a) the fax number is no longer in service or does not have a fax machine connected to it; (b) the line is busy or there is no answer; or (c) there is a transmission problem, perhaps due to poor line quality. B2B considered the data recorded by HylaFax as accurate and reliable and B2B relied on that data in its business operations.

12.    B2B constructed and maintained a Microsoft Access database file called "Fax Clients." The files include tables named the "ClientTable" and "PaymentsTable" which have a number of unique characteristics and identifiers used to document and track the progress of each transaction with every client. These identifiers included, for example: (1) "ClientId" (individualized client identifier); (2) "Agent1st" (1st salesperson to speak with customer); (3) "AgentSale" (salesperson who closed sale); (4) "FirstName" (of customer contact); (5) "LastName" (of customer contact); (6) "BusinessName" (of customer); (7) "Business" (customer's line of work); (8) "Phone1" (of customer); (9) "Fax1" (of customer); (10) "BDate" (date of first customer contact); (11) "CDate" (date B2B sent information to customer); (12) "JDate" (date customer

8

information was received to draft ad); (13) "KDate" (date same was sent to ad designer); (14) "MDate" (date ad was made up and faxed to customer for approval); (15) "NDate" (date customer approved ad); (16) "RDate" (date customer sent copy of check evidencing proof they want to pay for their campaign); (17) "TDate" (date faxes were sent); (18) "PayNumber" (index); (19) "DepDate" (date check was deposited) ; (20) "Bounced" (if customer check bounced) ; (21) "Pr" (Price information off original ad to customer, cents per fax) (22) "NOrdered" (number of faxes ordered); and (23) "Center Zip" (zip code of customer).  "Status" denoted where customer stood in the process and "T" meant that the customer approved the advertisement, faxes were sent and B2B had received a payment.

13.    Each customer was given a unique "client number."  For example, Anesthetic Vaporizer Services, Inc.'s client number was K051708.  "K" stands for the year 2006, "0517" stands for May 17, and "08" indicates it was the eighth company that showed interest in B2B services on that date.

14.    In much B2B correspondence I included an embedded macro that automatically registers the date a document is retrieved or printed (but does not represent the date I created or used the document in B2B's business).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

9

Executed on: _Dec. 28, 2010_          _G. A. A._
                                    Caroline Abraham

Subscribed and affirmed to before me this 28th day of _December_,
2010.

_Jo Ann Beddoe_
                Notary Public
My Commission Expires: 8/13/2011

Jo Ann Beddoe
Notary Public, State of New York
No. 01BE6172751
Qualified in Queens County
Commission Expires August 13, 2011

10

# EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re Subpoena of
CAROLINE ABRAHAM

SHARI MACHESNEY, individually
and as the representative of a class
of similarly situated persons,

Plaintiff,

v.

LAR-BEV OF HOWELL, INC.,
LARBEV, INC., LARBEV-
FENTON, INC., LARBEV-UNION
LAKE, INC., and LARBEV-
WATERFORD, INC.

Defendants.

MISC 16-3124

DONNELLY, J.

Action pending in the United States
District Court for the Eastern District
of Michigan, No. 10-cv-10085-SFC-
MJH, Hon. Sean F. Cox

PROPOSED ORDER TO SHOW
CAUSE TO COMPEL SUBPOENA
COMPLIANCE PURSUANT TO RULE
45

This matter having come before this Court on Plaintiff's motion to compel
subpoena compliance pursuant to Rule 45 by order to show cause submitted
December 8, 2016, along with the Declaration of Tod A. Lewis, Esq., sworn to on
December 8, 2016, and annexed exhibits 1-16 in support thereof, and this matter
having been heard by the Court on December 21, 2016, IT IS HEREBY:

ORDERED that Caroline Abraham will sit for a deposition in this matter
no later than December __, 2016.
January 15, 2017

s/Ann M. Donnelly
_____
HON.

Dated: 21 day of December, 2016

2016 DEC -9 PM 2:27
FILED
CLERK

# EXHIBIT K

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:10-cv-10059

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _Caroline Abraham_
on *(date)* _3/3/17_ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☑ I returned the subpoena unexecuted because: _See below –_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _3/15/17_

_Darol DelPrete_
Server's signature

_Donald DelPrete #1341639_
Printed name and title

_98 Bench St, 2nd Fl, SI, NY 10304_
Server's address

Additional information regarding attempted service, etc.:
_Attempts made: 3/6/17 @ 7:05am; 3/8/17 @ 4:35pm; 3/9/17 @ 2:05pm_
_3/11/17 @ 7:20 pm; 3/15/17 @ 9:05pm -_
_Surveillance cameras at location. Occupants refuse to_
_answer door._

# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

—————————————————————— X

G. M. SIGN, INC., an Illinois corporation,
individually and as the representative of a class of
similarly-situated persons,

                          Plaintiff,

              v.

FINISH THOMPSON, INC.,

                   Defendant.

—————————————————————— X

**PROPOSED ORDER**

**08 MISC 00553 (KAM)**

**[Case No. 07 C 5953**
**Pending in U.S. District Court**
    **for the Northern District of Illinois]**

This matter having come before this Court on Plaintiff's motion to compel by order to show cause submitted November 18, 2008 along with the affidavit of David A. Paul, Esq., sworn to on November 18, 2008, and annexed exhibits in support thereof, and this matter having been heard by this Court on November 24, 2008, and resolved by agreement between Plaintiff's counsel and Caroline Abraham, IT IS HEREBY:

ORDERED that Caroline Abraham will provide the following information and documents to Plaintiff's counsel no later than 5:00 p.m. Tuesday December 9, 2008:

1) All telephone numbers used to send out faxes on behalf of Business to Business Solutions during the time period 2002 to 2006 and any associated billing records in her possession; additionally, Abraham will sign an authorization to release telephone records from all phone carriers used by Business to Business Solutions during the same time period as well as any records relating to the telephone numbers identified;

2) The name, address, and telephone number of Martha Escobar's printing business in Baldwin Hills, California;

3) The address of the "Rutland location" where Business to Business' computers were stored;

4) The address of the "Wilshire Blvd. location" where Business to Business' computers were stored;

5) The last known address and email address for Ron Hillard;

6) The last known address, phone number, and email address for Kevin Wilson;

7) The email address for Christina Page; and

8) The phone number of Kevin Wilson's parents' house.

_____
HON. KIYO A. MATSUMOTO, USDJ

Dated: _26_ day of _November_, 2008

2

# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MISC 08     553

FILED

G. M. SIGN, INC., an Illinois corporation, IN CLERK'S OFFICE
individually and as the representative of a class of U.S. DISTRICT COURT E.D.N.Y.
similarly-situated persons,

★   NOV 1 8 2008   ★

ORDER TO SHOW CAUSE

Plaintiff,   BROOKLYN OFFICE

v.

[Case No. 07 C 5953
Pending in U.S. District Court
for the Northern District of Illinois]

FINISH THOMPSON, INC.,

Defendant.

MATSUMOTO, J.

Upon the reading of the affidavit of David A. Paul, Esq., sworn to on November 18, 2008, and the documents annexed thereto, it is ORDERED, that Caroline Abraham show before this Court, at Room *Courtroom 11D* 227, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, on *November 24*, 2008 at *1:00* AM/**PM** or as soon thereafter as counsel may be heard, why an order should not be issued compelling Caroline Abraham to comply with a subpoena for records and deposition issued out of this Court and duly served upon her, ~~and alternatively, to appear before this Court and~~ ~~show cause why she should not be held in contempt of court for failure to comply with~~ ~~the subpoena pursuant to Rule 45(e) of the Federal Rules of Civil Procedure~~, and it is further ORDERED that service of a copy of this order, together with the papers upon which it is granted, personally upon Ms. Abraham or her attorney on or before *Nov. 20*, 2008 by *12:00* AM/**PM** be deemed good and sufficient service thereof.

Dated: New York, New York
       November 18, 2008

*19*

United States District Judge

LB011190